**In re RIVER CITY HOTEL CORPORATION,**
Debtor.

**Bankruptcy No. 94–11275.**

United States Bankruptcy Court,
E.D. Tennessee.

April 27, 1995.

Gary R. Patrick, Chattanooga, Tennessee, for Debtor.

William H. Horton, Chattanooga, Tennessee, for Pollack Boyd.

Martin Martineau, Washington, DC, for U.S. Dept. of Justice, Tax Division.

Thomas R. Ray, Chattanooga, Tennessee, for Bank of East Ridge.

Richard P. Jahn Jr., Chattanooga, Tennessee, for C. Kenneth Still, Liquidating Trustee.

Kimberly C. Swafford, Attorney/Advisor, Chattanooga, Tennessee, for the United States Trustee.

### MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This case is before the court on the motion of Pollack and Adele Boyd (a) to determine whether a revocation of the debtor corporation's Subchapter S tax status by its sole shareholder, Pollack Boyd, would violate the order of confirmation heretofore entered in this case and (b) to declare that any taxes incurred by reason of the sale of the debtor's assets in this case fall on the debtor corporation and not on Mr. Boyd. If the court permits Mr. Boyd to revoke the debtor's Subchapter S status, and if a sale is not consummated within the time provided for in the current confirmed plan, movants ask that the debtor be allowed to resubmit its plan of reorganization for another vote by the creditors.

From a review of the record, it appears that the Bank of East Ridge, the major secured creditor in this case, filed an "Emergency Motion to Appoint Trustee" on January 26, 1995, in response to Mr. Boyd's postpetition revocation of the debtor's Subchapter S tax status. The debtor, which was then a debtor in possession managed by Mr. Boyd, responded on February 6, 1995, the day set for the hearing of the bank's emergency motion, and attempted to moot the bank's demand for a trustee by promising to rescind the revocation of the debtor's Subchapter S status, thus returning it to C corporation status. In its response to the emergency motion, the debtor argued that appointment of a trustee would be unnecessary because

the Debtor and Mr. Boyd, as sole shareholder of the Debtor, *will take any and all*

*necessary steps* to rescind Mr. Boyd's revocation of the Subchapter S election. Accordingly, the action upon which the Bank bases its Motion to Appoint Trustee is being remedied by Debtor and Mr. Boyd to serve the best interests of the creditors, thus rendering the Bank's Motion unnecessary.

(Debtor's Objection to Emergency Motion to Appoint Trustee, p. 2 (emphasis added)). The debtor summed up its opposition to the appointment of a trustee by saying, "In any event, however, the Debtor corporation and sole shareholder, Pollack Boyd, will take all necessary steps to rescind the revocation of the Subchapter S election, *thus rendering such complaint moot.*" *Id.* at 6 (emphasis added). As a result of these representations made both in writing and orally at the hearing in the presence of Mr. Boyd, who appeared as the debtor's representative, the bank agreed not pursue its motion for the appointment of a trustee prior to the confirmation hearing in the case.

The case continued toward confirmation with two competing plans, one submitted by the bank, the other by the debtor. All interested parties proceeded with the understanding that the debtor was an S corporation. In the debtor's Third Amendment to its Disclosure Statement which was signed by Mr. Boyd as debtor's president, interested parties were assured by the debtor, in the context of discussing the bank's competing plan, that it and Mr. Boyd had in fact "taken steps necessary to rescind the revocation of the Subchapter S status of the Debtor corporation." (Third Amendment to Disclosure Statement Filed by Debtor, p. 29). The bank's plan was confirmed, pursuant to which a sale of the debtor's assets is imminent. Mr. Boyd now seeks a construction of the confirmation order that would allow him, at this late date, to do what he has already done once and then renounced.

■ The Internal Revenue Code allows the revocation of a Subchapter S election by consent of the majority stockholders. 26 U.S.C. § 1362(d)(1). The Bankruptcy Code, 11 U.S.C. § 1141(d)(1)(B), provides in relevant part that confirmation of a plan "terminates all rights and interests of equity securi-

ty holders ... provided for by the plan." It is questionable, therefore, whether Mr. Boyd still has the right or power, after confirmation, to take any action to affect the debtor's tax status. However, even if he has such a postconfirmation power, he is estopped to exercise it by his agreement to restore the debtor's tax status to that of a Subchapter S corporation in exchange for the bank's agreement not to proceed with the motion to appoint a trustee. In order to moot one of the bank's arguments in favor of a trustee, the debtor in possession, managed and represented by Mr. Boyd, received from Mr. Boyd his promise to rescind his revocation of Subchapter S status. Having thus promised to maintain the debtor's Subchapter S status in exchange for an important procedural consideration, Mr. Boyd cannot be permitted to act in derogation of that promise now. *See generally Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1217 (6th Cir.), *cert. denied,* 484 U.S. 820, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); RESTATEMENT (SECOND) OF CONTRACTS § 90 cmt. b, illus. 2 (1979).

■ Like everyone else, Mr. Boyd is bound by the terms of the confirmed plan, terms which in this case assume the sale of assets of a Subchapter S corporation, as the debtor's own final disclosure statement acknowledges. 11 U.S.C. § 1141(a). As has been pointed out, he is also estopped from attempting to revoke the Subchapter S election by his previous conduct and agreements in this case.

■ As for the motion to determine the debtor's tax liability, the court finds that such matter is not ripe for adjudication. The debtor's tax liability, to the extent it may be uncertain, is a matter between it and the Internal Revenue Service. At the present time there is before the court no controversy between the IRS and the debtor concerning the latter's taxes or tax liability, and no legitimate purpose would be served by the court's speculation on those matters. Of course, Mr. Boyd would not be entitled to an advisory opinion on his tax status by virtue of 11 U.S.C. § 505.

For the foregoing reasons, the motion to determine tax liability and to modify the plan

will be denied and Pollack Boyd is estopped from taking any action to alter the debtor's current tax status.[1]  An order will enter.

---

1.  At the conclusion of the confirmation hearing in this case, and upon the request of the bank, the court orally directed that Mr. Boyd not take any action to change the tax status of the debtor since he had previously rescinded the revocation of the Subchapter S election in settlement of the bank's motion to appoint trustee.  Because the bank's plan was voted on by creditors and confirmed under the assumption that the debtor was and would remain a Subchapter S corporation, a fact disclosed to creditors in the debtor's Third Amendment to its Disclosure Statement, it is necessary to the consummation of the bank's plan that Mr. Boyd not now change the tax status of the debtor and undo what he did in settling the motion for appointment of trustee.  Under 11 U.S.C. § 1142(b), the court has the authority to order a necessary party to perform such acts as are necessary for the consummation of the plan. Since it is necessary to the consummation of the plan for Mr. Boyd to refrain from any attempt to change the tax status of the debtor, a directive from the court to Mr. Boyd that he not attempt to change the tax status of the debtor is appropriate.  Although an oral directive was given to Mr. Boyd at the confirmation hearing, no written order was entered on this matter.  Now that Mr. Boyd seeks clarification of the court's oral directive, it has become necessary to enter a memorandum and order addressing this subject.