In re STADLER ASSOCIATES, INC., Stadler Insurance Agency, Inc., Stadler Development Corp., Stadler Mortgage Corp., Stadler Properties, Inc. and The Stadler Corp., Debtors.

Bankruptcy Nos. 90–17424–BKC–PGH, 90–17425–BKC–PGH, 90–17427–BKC–PGH, 90–19302–BKC–PGH and 90–19303–BKC–PGH.

United States Bankruptcy Court, S.D. Florida.

June 13, 1995.

Mark Stier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC.

John Eaton, Miami, FL.

David Cimo, Miami, FL.

## ORDER DENYING JOHN W. STADLER'S MOTION FOR DETERMINATION OF TAX LIABILITY OF THE DEBTORS AND HIMSELF

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS CAUSE** came before the Court on March 9, 1995, upon John W. Stadler's Motion For Determination Of Tax Liability Of The Debtors And Himself and the Court, having heard the arguments of counsel, having reviewed the memoranda submitted by the parties and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 15, 1990, Stadler Associates, Inc. and its related companies (the "Debtors") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code. Gui Govaert (the "Trustee") was appointed the Chapter 7 Trustee.

John W. Stadler ("Mr. Stadler") was the sole shareholder of the Debtors at the time of the bankruptcy filings and, prior to the filing of the petitions, had elected to treat the Debtors as Sub–Chapter S corporations ("S corporations") for taxation purposes.[1]

During his tenure, the Trustee filed federal income tax returns for the Debtors for 1990, 1991 and 1992. The tax forms utilized and filed by the Trustee, which were accepted by the IRS, were forms for use by Sub-chapter S corporations. Mr. Stadler, nor any other entitled entity, ever filed any documents with the IRS asserting a contrary or inconsistent position with the aforementioned tax returns filed by the Trustee.[2]

On October 27, 1994, Mr. Stadler filed a Motion For Determination Of Tax Liability Of The Debtors And Himself, in which Stadler contends that the filing of a bankruptcy petition terminates S corporation status, since the underlying purpose of an S corporation election is lost upon the appointment of a Trustee in a Chapter 7 case, ie., avoiding double taxation for the shareholders. As support for this position, Mr. Stadler asserted that the shareholders lost control of the Debtors, as well as their right to vote the stock of the Debtors, to the Trustee upon the filing of the Debtors' Chapter 7 petition. Therefore, Mr. Stadler argues that the shareholders should not be subjected to adverse tax consequences once they relinquish control of the Debtors' businesses to the Trustee. The IRS and Trustee argue that the filing of a petition in bankruptcy does not terminate the S corporation status because the applicable statutes clearly provide for three ways in which the S corporate status ceases and that the filing for bankruptcy is not one of the bases.

### CONCLUSIONS OF LAW

■ Section 1362(d) of Title 26, United States Code, governs the termination of an election for S corporation status made under 26 U.S.C. § 1362(a). Pursuant to § 1362(d), there are only three ways to terminate the elected S corporation status: 1) Upon a revocation, which is accomplished if the shareholders holding more than one-half of the shares of the corporate stock on the day revocation is made, consent to such revocation; 2) If the corporation ceases to be a "small business corporation," which is a mandatory prerequisite for electing S corporation status in the first place; or 3) If the corporation's passive investment income exceeds

---

1. The primary advantage of S corporation status is that the electing corporation is exempt from income taxation and, instead, the shareholders are taxed directly on the income or loss of the corporation. 26 U.S.C. § 1366.

2. Specifically, partners, S corporation shareholders, REMIC residual interest holders and TMPs are entitled to file an 8082 form, entitled "Notice of Inconsistent Treatment Or Amended Return."

25% of its gross receipts for three consecutive taxable years and the corporation has earnings and profits as defined in subchapter C of Chapter 1, Subtitle A of the Code.[3] None of the aforementioned three ways in which to terminate the S corporation status has occurred in the instant case. Furthermore, the filing of a bankruptcy petition under Chapter 7 does not trigger any of the three methods of termination of the elected S corporate status.

The rules of statutory construction prohibit this Court from adding a fourth method of terminating an S corporation election where the Internal Revenue Code clearly sets forth the aforementioned three methods:

> In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out.

*Gould v. Gould*, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211 (1917).

A 8082 Notice of Inconsistent Treatment or Amended Return is a form that S corporation shareholders can utilize if they disagree with the federal income tax returns filed on behalf of the S corporation. Neither Mr. Stadler nor any other entitled entity ever filed a 8082 Notice with the IRS. Therefore, Mr. Stadler is not only bound by the form of business organization that he chose pre-petition, namely, that of an S corporation, since the aforementioned applicable statutes do not alter the pre-petition election, but he is also bound by the figures contained in the S corporation tax returns since he did not file a form 8082 with the IRS. In light of the foregoing, it is therefore:

**ORDERED AND ADJUDGED** that John W. Stadler's Motion For Determination Of Tax Liability Of The Debtors And Himself is

hereby denied since the election for S corporation status remains intact notwithstanding the filing of bankruptcy petitions for the instant Debtors.

**DONE AND ORDERED.**

---

**3.** Additionally, 26 U.S.C. § 1399 specifically provides that "[e]xcept in any case to which section 1398 applies [§ 1398 applies only to individuals], no separate taxable entity shall result from the commencement of a case under title 11 of the United States Code."

The Bankruptcy Code also sheds light on the issue before the Court, whereas, § 346(c)(1) states in pertinent part:

The commencement of a case under this title concerning a corporation ... does not effect a change in the status of such corporation ... for the purposes of any State or local law imposing a tax on or measured by income. Except as otherwise provided in this section and in section 728 of this title, any income of the estate in such case may be taxed only as though such case had not been commenced.