# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

––––––––––––––––

## BAP NO. MB 98-095

––––––––––––––––

### IN RE: V&M MANAGEMENT, INC.,
**Debtor.**

––––––––––––––––

### ALPHONSE MOURAD,
**Appellant,**

**v.**

### STEPHEN S. GRAY, CREDITORS' TRUSTEE,
**Appellee.**

––––––––––––––––

**Appeal from the United States Bankruptcy Court
District of Massachusetts
[Hon. Carol J. Kenner, U.S. Bankruptcy Judge]**

––––––––––––––––

**Before
de Jesús, Vaughn, Carlo, U.S. Bankruptcy Judges**

––––––––––––––––

Alphonse Mourad, pro se, on brief for Appellant.

Paul D. Moore, Andrew C. Griesinger, W. Daniel Troyka and Choate, Hall & Stewart on brief for the Appellee.

––––––––––––––––

**April 12, 2000**

––––––––––––––––

**de JESÚS, J.**

Alphonse Mourad (Mourad) as the sole shareholder of the Subchapter S corporation V & M Management, Inc. (V&M) the Debtor, appeals two bankruptcy court orders denying his request to file a late administrative claim and to compel the trustee to pay V&M's federal taxes. For the reasons set forth in this opinion, we remand a claim of trustee negligence asserted by Mourad for which no relief was granted, and affirm the remaining rulings.

## BACKGROUND

Mourad elected to treat V&M as a Subchapter S corporation for taxation purposes before the corporation filed for reorganization under Chapter 11. Mourad was not a scheduled creditor, nor did he file a proof of claim. Within four months, the court appointed a Trustee, Stephen Gray (Gray). Gray sold V&M's main asset, a residential apartment building. Under the confirmed plan, the sale's proceeds and other estate assets were transferred to the Creditor's Trust for liquidation and distribution. Gray was appointed the Trustee for this trust. Mourad retained his equity interest in V&M, but would not receive dividends nor participate in the distribution. There is no evidence that Mourad or Gray terminated V&M's Subchapter S corporate tax status pursuant to 26 U.S.C. § 1326(d).[1]

---

[1] In re Stadler Associates, Inc., 186 B.R. 762, 763-764 (Bankr. S.D.Fla. 1995); 6 Norton Bankruptcy Law and Practice 2d § 128:5.

2

Mourad filed a motion seeking leave to file a late administrative claim for reimbursement of federal and state taxes which he estimated at $1.3 million. Mourad claimed this tax liability as the sole stockholder of a Subchapter S corporation was caused by Gray's negligence in filing late tax returns, in not paying expenses causing V&M's excess income subject to taxation and in not paying taxes before distribution. Hence, his tax liability should be considered an administrative claim payable by the estate and/or the Trust.

Mourad later filed a "Motion to Compel the Trustee to Pay V&M Management's Federal Taxes", as the Internal Revenue Service (IRS) had notified him he was liable for V&M's outstanding taxes. He argued the estate should be liable for these taxes and the court should order Gray to pay, because during confirmation the court held Gray owned V&M and as the beneficial owner of V&M's stock, he should be held responsible.

By separate opinions the bankruptcy court denied both motions and this appeal ensued.

**DISCUSSION**

I.   Order denying Mourad's motion for leave to file a late administrative claim.

The bankruptcy court accepted Mourad's factual allegations as true and denied the motion finding it failed "to state a basis on which relief can be granted" because:

> [A]s a general rule under federal and Massachusetts law, an S corporation is not subject to liability on its income, and its shareholders are subject to income tax liability according to each's distributive share of the corporation's income, loss and deductions.  I am aware of nothing in either federal or Massachusetts law that subjects the corporation (on the one hand) and its shareholders (on the other) to joint and several liability for the same taxes. ... Accordingly, I will deny the motion on its merit without reaching the issue of cause to assert a late claim.

Our review of the bankruptcy court's order dismissing the contested matter under Fed. R. Civ. P. 12 (b)(6) is *de novo,*[2] using the following criterions:

> The jurisprudence of Civil Rule 12(b)(6) is well defined.  An appellate court reviews the granting of a motion to dismiss de novo, applying the same criteria that obtained in the court below.  <u>McCoy v. Massachusetts Institute of Technology</u>, 950 F.2d 13, 15 (1st Cir. 1991).  Thus, we take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause.  See <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir. 1989); <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).  Great specificity is ordinarily not required to survive a Rule 12(b)(6) motion.  Apart from certain specialized areas not implicated here, [FN1] it is enough for a plaintiff to sketch an actionable claim by means of 'a generalized

---

[2]   *See* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)(6) and 12(e)) and Fed. R. Bankr. P. 9014.

4

statement of facts from which the defendant will be able to frame a responsive pleading.' <u>Wright & Miller, Federal Practice and Procedure</u>: Civil 2d§ 1357 (1990). In the last analysis, then, the court of appeals 'may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.' <u>Correa-Martínez v. Arrillaga- Beléndez,</u> 903 F.2d 49, 52 (1st Cir. 1990).

<u>Garita Hotel Ltd. v. Ponce Federal Bank</u>, 958 F.2d 15, 17 (1st Cir. 1992).

Applying this test to the factual allegations drafted by a *pro se* litigant[3], we find the bankruptcy court's order dismissing the motion did not resolve Mourad's claim that Gray was negligent in the performance of his duties as trustee.[4] Thus, Mourad's allegations provide a theory for recovery not adjudicated by the appealed order. *See generally* <u>Reading v. Brown</u>, 391 U.S. 471 (1968); <u>In re Charlesbank Laundry, Inc.</u>, 755 F.2d 200 (1st Cir. 1980); <u>In re Hemingway Transport, Inc.</u>, 954 F.2d 1 (1st Cir. 1992).

Hence, we REMAND for further proceedings before the bankruptcy court to consider Mourad's allegations that Gray administered the estate negligently, causing Mourad's tax

---

[3] <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

[4] Before the Panel, Mourad amplified or developed this argument stating his tax liability was increased by interest paid on the unnecessary accumulation of estate income and by Gray's failure to request a low income housing tax credit.

liability, or increasing his liability, and whether Mourad has asserted this claim in a timely fashion.

II. Order denying Mourad's motion to compel the trustee to pay V&M's federal taxes.

Here Mourad asks for two remedies: that he be "relieved" from a tax obligation, and that Gray be ordered to pay the taxes from estate or trust funds. The court denied both requests. The court reasoned that Mourad's demand for relief from federal tax liability was "a dispute between two parties" neither of which was the debtor and "...the effect of their dispute on this bankruptcy case is speculative and attenuated at best," so that its subject matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) was questionable, and in the interest of justice invoked the doctrine of discretionary abstention under 28 U.S.C. § 1334(c). The court also refused to compel Gray to pay the taxes finding Mourad's allegations were legally insufficient.

A. Mourad's demand for relief against the taxing authority.

We review the court's decision to abstain for abuse of discretion.[5]

---

[5] "The decision to grant permissive abstention, however, lies within the discretion of the...court and...will not [be] reverse[d]...unless the...court clearly abused it discretion." Howe v. Vaughan, 913 F.2d 1138, 1143 (5th Cir. 1990).

"An abuse of discretion occurs 'when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court

6

On appeal, Mourad does not focus on whether the bankruptcy court abused its discretion by abstaining. His argument merely repeats those points raised before the bankruptcy court and the IRS, i.e., he could not control V&M's operations, he did not receive dividends or participate in the distribution, therefore, he should not be held liable for the taxes.[6]

Bankruptcy courts are courts of limited jurisdiction. *See* In re Gibson Group, Inc., 66 F.3d 1436, 1440 (6th Cir. 1995); *see also* Matter of Querner, 7 F.3d 1199, 1201 (5th Cir. 1993). Jurisdiction lies in the federal district courts if "the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)(citations omitted), *rev'd on other grounds*, Things Remembered, Inc., v. Petrarca, 516 U.S. 124 (1995). Once jurisdiction is successfully invoked, the next step concerns its placement according to 28 U.S.C. § 157.

---

considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales.'" Roumeliotis v. Popa (*In re* Popa), 214 B.R. 416, 418 (B.A.P. 1st Cir. 1997)(citations omitted).

[6] Mourad is possibly arguing, but does not develop, that he should be relieved from paying the taxes because once Gray was appointed trustee, he became V&M's owner of record, with Gray as its beneficial owner. *See* Wilson v. Commissioner of Internal Revenue, 560 F.2d 687, 689 (5th Cir. 1977); *see also* W & W Fertilizer Corp. v. U.S., 527 F.2d 621, 626 ( U.S. Ct of Claims 1975). However, Mourad may bring and expand this argument before the IRS.

7

28 U.S.C. § 157 divides all proceedings filed in a bankruptcy case into two categories: "core" and related or "non-core".  Section 157(b)(1) authorizes bankruptcy judges to adjudicate "all core proceedings arising under title 11, or arising in a case under title 11".  Hence, it places jurisdiction over "core" matters in the bankruptcy courts.  Decisional powers of bankruptcy judges in "non-core" matters are limited to submitting proposed factual and legal findings to the district court for *de novo* review. 28 U.S.C. § 157(c); Matter of Wood, 825 F.2d 90, 95 (5th Cir. 1987).  Hence, it places jurisdiction over "non-core" matters in the federal district courts.

We find the court correctly classified Mourad's request as a related, "non-core" contested matter between entities not in bankruptcy and which does not "invoke a substantive right provided by title 11, [n]or [is it]...a proceeding that, by its very nature, could arise only in the context of a bankruptcy case."  Wood, 825 F.2d at 97.  At best, Mourad's request could be viewed as potentially affecting the estate, limiting the bankruptcy court to recommending factual and legal findings to the district court.  Given this jurisdictional limitation and the fact that Mourad could and did raise these points before the IRS, the bankruptcy court did not abuse it discretion by deciding to

8

abstain, thereby permitting the IRS to rule.[7]

        B.    Mourad's demand for relief against the Trustee.

The bankruptcy court refused to compel the Trustee to pay

the federal taxes and penalties stating:

> [T]he motion fails to identify the kinds of taxes at
> issue, the periods to which the taxes pertain, the
> amounts at issue, and the basis (or bases) on which Mr.
> Mourad is jointly liable for those taxes, all of which
> are necessary to determine (1) the amount and extent of
> the estate's liability for the taxes and (2)
> whether...the estate is liable for such taxes.
> ...Without this information, the Trustee cannot
> formulate a meaningful response to the motion, and the
> Court cannot adjudicate it.

We consider this ruling as an order for a more definite

statement and a denial of Mourad's request for his failure to

state a claim for relief.  Our scope of review is *de novo* for

reasons we have explained above.

Mourad has yet to file more definite pleadings.  He did not

develop this point in his brief, nor during oral argument.

"Judges are not expected to be mindreaders.  Consequently, a

litigant has an obligation 'to spell out its arguments squarely

and distinctly or else forever hold its peace.'" U.S. v. Zannino,

895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gómez v. de

Castro, 843 F.2d 631, 635 (1st Cir. 1988)(quoting Paterson-Leitch

Co., Inc. v. Massachusetts Municipal Wholesale Elec. Co., 840

---

    [7] Although not considered by the bankruptcy court, we also
find Mourad's position is not ripe for adjudication.  In re River
City Hotel Corporation, 191 B.R. 371, 373 (Bankr. E.D. TN 1995).

9

F.2d 985, 990 (1st Cir. 1988)); <u>Brown v. Trustees of Boston University</u>, 891 F.2d 337, 352 (1st Cir. 1989).

Even if we read the motion's second plea liberally and favorably to Mourad, we agree with the bankruptcy court. The pleadings are too vague and ambiguous for the Trustee to reasonably respond and for the court to decide. Hence, denial was appropriate and is AFFIRMED.

**CONCLUSION**

We REMAND the first order to the bankruptcy court for further proceedings consistent with this opinion. We AFFIRM the second order as set forth above.

10