[No. B149318. Second Dist., Div. Four. July 19, 2001.]

PACLINK COMMUNICATIONS INTERNATIONAL, INC., et al.,
Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
IVAN YEUNG et al., Real Parties in Interest.

COUNSEL

Gronemeier & Associates, Dale L. Gronemeier, Kristine L. Olsen; Law Offices of Albert C. Lum and Albert C. Lum for Petitioners.

No appearance for Respondent.

Steven L. Sugars and George L. Young for Real Parties in Interest.

OPINION

VOGEL (C. S.), P. J.—

### INTRODUCTION

In this mandate proceeding, we conclude that three causes of action alleged by members of a limited liability company against two defendants

can only be brought as a derivative action on behalf of the company. We therefore issue a writ compelling the superior court to sustain without leave to amend the demurrer filed on that basis.

FACTUAL AND PROCEDURAL BACKGROUND

Because the function of a demurrer is to test the legal sufficiency of a complaint, we assume the truth of all facts properly pled. (See, e.g., *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

Insofar as is relevant to this proceeding, the first amended complaint alleges the following facts.

PacLink Communications (PacLink-1) was created in March 1996 as a limited liability company (LLC). It was an Internet service provider. Plaintiffs Henry Chow, John Mok, and Ivan Yeung were members of that eight-person LLC. Based upon plaintiffs' initial capital contributions to PacLink-1 and its operating agreement, they had a "membership" or "ownership" interest equal to approximately 38 percent of PacLink-1's business and assets.

In 1998, the assets of PacLink-1 were transferred to a new company: PacLink Communications International, LLC (PacLink-2), a company organized by four members of PacLink-1 in which plaintiffs had *no involvement.*

In 1999, the assets were again sold, this time to defendant PacLink Communications International, Inc. (PacLink-3). PacLink-3 is a California corporation organized by defendant eHongKong.Com, Inc.

In December 2000, plaintiffs filed suit against four business entities and nine individuals. The business entities are PacLink-1, PacLink-2, PacLink-3, and eHongKong.Com, Inc. The nine individual defendants are the people involved with those entities.

In essence, plaintiffs alleged the transfers of PacLink-1's assets were done without their knowledge or consent; that initially the transferees gave no consideration for the assets; that several hundred thousand dollars were subsequently paid to other members of PacLink-1 for the assets but that none of the money was ever distributed to plaintiffs; and that each of the entities through which PacLink-1's assets passed was a dummy or straw enterprise organized and owned by one or more of the named individual defendants.

Plaintiffs alleged "[t]he fraudulent transfers and the conversion of the 'sale' proceeds rendered [PacLink-1] insolvent and thereby defrauded plaintiffs by preventing them from being paid for their Ownership Interests in

[PacLink-1] and its business and assets" which had a value of $750,000. (Underscoring in original.) Plaintiffs' share would be $284,000.

The complaint alleged six causes of action. Only the three causes of action which named petitioners PacLink-3 and eHongKong.Com, Inc., as defendants are relevant to the present proceeding.[1] They are for fraudulent transfer, conspiracy to defraud creditors and commit conversion, and imposition of a constructive trust. (The remaining causes of action are solely against the individual defendants for conversion, breach of fiduciary duties, and breach of contract.)

Defendants PacLink-3 and eHongKong.Com, Inc., filed a demurrer asserting plaintiffs lacked standing to bring the three claims because the real party in interest was PacLink-1. Defendants asserted: "[PacLink-1], an LLC, is clearly the real party in interest in this action, as the gravamen of the claim is that [its] assets and net worth have been diminished. Plaintiffs do not claim any direct injury or loss suffered by them; their only claim is that the value of the LLC was diminished and that their ownership interests as members were thereby diminished. The claim belongs to the LLC, not to the plaintiffs. [Citation.] A shareholder may not maintain an action on his own behalf for a wrong to the corporation. [Citation.]" (Fn. omitted.) Defendants pointed out that plaintiffs had failed to comply with the procedural requirements of initiating a derivative action. In a footnote appended to that passage, defendants noted: "While pleading that they are members of the LLC—clearly an equity interest—Plaintiffs also attempt to fuzz over this relationship by describing themselves . . . as 'debtors' [sic] who are 'owed' something by the LLC. Plaintiffs are clearly in an equity ownership relationship rather than in a creditor-debtor relationship; the former is consistent with a derivative action while the latter would imply a right to a direct action. Defendants have specially demurred to attack this fuzziness, which appears to be related to attempting to find a basis for a direct action."

Plaintiffs' opposition to the demurrer claimed the action was not derivative because defendants had acted with the intent to defraud plaintiffs. They argued: "[P]laintiffs are asserting that their own primary rights were directly invaded and violated by the actions of defendants, thereby causing financial injury directly to plaintiffs themselves, not derivatively as the demurring defendants claim." (Underscoring in original.) Relying upon *Jones v. H. F. Ahmanson & Co.* (1969) 1 Cal.3d 93 [81 Cal.Rptr. 592, 460 P.2d 464]

[1]The other defendants in these three causes of action are PacLink-1, PacLink-2, and all of the named individuals. However, none of them were a party to the demurrer and consequently is not a party to this writ proceeding.

(*Jones*), plaintiffs argued: "A shareholder's suit to recover for injury to his own interests is personal, and need not comply with the conditions governing a derivative suit. And he need not plead an injury different from that of other minority shareholders . . . ."

After hearing argument from counsel in a reported hearing, the trial court ruled: "The demurrers of defendants Paclink Communications, Inc., and eHongKong.Com, Inc., are overruled. The Court concludes that plaintiffs are attempting to recover [for] their personal injury, as alleged [*sic*] to injury to the LLC, within the meaning of *Jones v. H. F. Ahmanson & Co.*[, *supra*,] 1 Cal.3d 93, 105-108, and therefore the requirements of Corporations Code Section 17501(a)[2] do not apply. *This is a personal, not a derivative action.* [¶] Defendants['] other contentions have been considered and are without merit." (Italics added.)

This petition by the two defendants followed. We stayed all trial court proceedings against these two defendants and issued an order to show cause why the demurrer should not be sustained "on the ground plaintiffs have no standing to sue petitioners on the cause[s] of action alleged other than by a derivative action because the cause does not come within the exception recognized in *Jones v. H. F. Ahmanson & Co.*[, *supra*,] 1 Cal.3d 93, 105-108."

## DISCUSSION

In 1994, the Legislature enacted Corporations Code sections 17000-17655 governing limited liability companies. The law incorporates provisions of the Corporations Code.

■ "A limited liability company is a hybrid business entity formed under the Corporations Code and consisting of at least two 'members' [citation] who own membership interests [citation]. The company has a legal existence separate from its members. Its form provides members with limited liability to the same extent enjoyed by corporate shareholders [citation], but permits the members to actively participate in the management and control of the company [citation]." (9 Witkin, Summary of Cal. Law (2001 supp.) Corporations, § 43A, p. 346.)

■ The parties agree that the principles of derivative lawsuits applicable to corporations likewise apply to a limited liability company such as PacLink-1. We therefore begin by setting forth those principles.

---

[2]Corporations Code section 17501 sets forth the procedure by which a derivative action can be maintained on behalf of an LLC.

■ "A shareholder's derivative suit seeks to recover for the benefit of the corporation and its whole body of shareholders when injury is caused to the corporation that may not otherwise be redressed because of failure of the corporation to act. Thus, 'the action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, *or it seeks to recover assets for the corporation or to prevent the dissipation of its assets.*' [Citations.] '. . . The stockholder's individual suit, on the other hand, is a suit to enforce a right against the corporation which the stockholder possesses as an individual.' [Citation.]" (*Jones, supra,* 1 Cal.3d 93, 106-107, italics added.)

In *Jones, supra,* 1 Cal.3d 93, our Supreme Court recognized an exception to the requirement that a shareholder must bring a derivative action in the name of the corporation. It held that if a minority stockholder was bringing suit against the majority stockholders for breach of fiduciary duty, "an individual cause of action exists" because the injury was "not incidental to an injury to the corporation." (*Id.* at p. 107.)[3] That exception does not apply to this case.

■ In this case, the essence of plaintiffs' claim is that the assets of PacLink-1 were fraudulently transferred without any compensation being paid to the LLC. This constitutes an injury to the company itself. Because members of the LLC hold no direct ownership interest in the company's assets (Corp. Code, § 17300),[4] the members cannot be directly injured when the company is improperly deprived of those assets. The injury was essentially a diminution in the value of their membership interest in the LLC occasioned by the loss of the company's assets. Consequently, any injury to plaintiffs was incidental to the injury suffered by PacLink-1.

---

[3]In that case, the minority stockholders "alleged that defendant majority stockholders formed a holding company to make their high-value closely-held stock more marketable, and excluded the minority stockholders from participation, leaving them without a potential market. . . . [¶] . . . [¶] . . . Since no sale or transfer of actual control was directly involved, traditional rules would have allowed defendants to escape liability for their acts, despite the injury intentionally inflicted on the other stockholders. Corporate fiduciaries do not always have an obligation to make a market for stock, and are not necessarily barred from selling a controlling block of shares to a holding company. 'But when . . . no market exists, the controlling shareholders may not use their power to control the corporation for the purpose of promoting a marketing scheme that benefits themselves alone to the detriment of the minority. . . .' [Citations.]" (9 Witkin, Summary of Cal. Law (9th ed. 1989) Corporations, § 190, pp. 685-686.) Consequently, the minority shareholders were permitted to bring a *personal action* against the majority shareholders.

[4]That section provides: "A membership interest and an economic interest in a limited liability company constitute personal property of the member or assignee. *A member or assignee has no interest in specific limited liability company property.*" (Italics added.)

" 'It is a general rule that a corporation which suffers damages through wrongdoing by its officers and directors must itself bring the action to recover the losses thereby occasioned, or if the corporation fails to bring an action, suit may be filed by a stockholder acting derivatively on behalf of the corporation. An individual [stockholder] may not maintain an action in his own right . . . for destruction of or diminution in the value of the stock. . . .' " (*Rankin v. Frebank Co.* (1975) 47 Cal.App.3d 75, 95 [121 Cal.Rptr. 348].)

It therefore follows that plaintiffs' first, third, and sixth causes of action have been improperly pled against defendants PacLink-3 and eHongKong.Com as personal causes of action.

Plaintiffs attempt to avoid the force of this conclusion by arguing that they are suing as creditors of PacLink-1, not members of the LLC. They rely upon the allegations in their complaint that PacLink-1 is their debtor because, based upon their ownership interests and the operating agreement, PacLink-1 (which formally dissolved in December 1997)[5] owes them a sum equal to 38 percent of the value of its business and assets. In particular, they rely upon Corporations Code section 17250, which provides in pertinent part: "Distributions of the money or property of a limited liability company shall be made to the members and to any classes of members in the manner provided in the operating agreement. If the operating agreement does not otherwise provide, distributions that are a return of capital shall be made in proportion to the contributions made by each member and distributions that are not a return of capital shall be made in proportion to the allocation of profits. [¶] . . . [A]t the time a member becomes entitled to receive a distribution, the member has the status of, and is entitled to all remedies available to, a creditor of the limited liability company with respect to the distribution. . . ."

In determining whether an individual action as opposed to a derivative action lies, a court looks at "the gravamen of the wrong alleged in the pleadings." (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 124 [84 Cal.Rptr.2d 753].) As explained above, the gravamen of the wrong alleged is an injury to PacLink-1 (fraudulent transfer of its assets) which resulted incidentally in an injury to plaintiffs (diminution in the value of their ownership interest). Consequently, plaintiffs' reliance upon Corporations Code section 17250 to support their argument that they are suing as creditors

---

[5]In their return, plaintiffs have included as an exhibit a copy of the certificate of dissolution signed by the president of PacLink-1 and filed with the Secretary of State on December 31, 1997. Plaintiffs ask us to take judicial notice of this document. The request is granted.

of PacLink-1 is misplaced. A contextual reading of their complaint makes clear that they are not suing based upon a claim that as members of the LLC they were entitled to a distribution which was not made, but instead are suing for financial injury caused by fraudulent transfer of the company's assets.

"Because the gravamen of the complaint is injury to the whole body of [the LLC's members], it was for the [LLC] to institute and maintain a remedial action. [Citation.] A derivative action would have been appropriate if its responsible officials had refused or failed to act. [Citations.]" (*Nelson v. Anderson, supra*, 72 Cal.App.4th at pp. 125-126.)

Plaintiffs' remaining arguments can be quickly dispatched. They rely either upon causes of action not attacked in the demurrer or upon allegations against individual defendants who were not parties to the demurrer. The arguments are therefore beyond the scope of this writ proceeding, which only involves one ground raised in the demurrer filed by two defendants to three causes of action. In a similar vein, plaintiffs' citation to and discussion of *Crain v. Electronic Memories & Magnetics Corp.* (1975) 50 Cal.App.3d 509 [123 Cal.Rptr. 419]—a case in which the appellate court held that minority shareholders had properly pled personal causes of actions against the majority shareholder and its agents—requires no response other than to note that in this case such claims (to the extent they may exist) are pled in the causes of action not now before us.

We will direct the trial court to sustain the demurrer without leave to amend. Neither in their opposition to the demurrer filed in the trial court nor in their return filed in this court have plaintiffs requested an opportunity to amend their complaint. In addition, prior to hearing we sent both parties a letter asking them to address at oral argument whether plaintiffs should be permitted leave to amend their complaint. At the hearing, defendants urged that based upon the principles of waiver and estoppel, leave should not be granted; plaintiffs did not address the point. We therefore assume plaintiffs stand on the allegations in the first amended complaint, and we have decided the cause on that basis.

## DISPOSITION

Let a peremptory writ of mandate issue compelling respondent court to set aside its order of February 28, 2001, overruling the demurrer jointly filed by defendants PacLink-Communications International, Inc., and eHongKong.Com, Inc. to the first, third, and sixth causes of action alleged in the first amended complaint and to enter a new and different order sustaining without leave to amend the demurrer on the basis that plaintiffs have no

standing to sue other than by a derivative action. The temporary stay order issued on May 3, 2001, is to remain in effect until the remittitur issues. Petitioners to recover their costs in this proceeding.

Epstein, J., and Hastings, J., concurred.