**In re KRSM PROPERTIES, LLC, Debtor.**

**Michael Gilliam; Stella Gilliam, Appellants,**

v.

**Steven M. Speier, Chapter 7 Trustee, Appellee.**

**BAP Nos. CC–04–1113–KMAN, CC–04–1191–KMAN. Bankruptcy No. RS 03–22439–MJ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 20, 2004 at Pasadena, California.

Filed—Dec. 1, 2004.

---

**24.** *In re Podnar,* 307 B.R. 667, 672 (Bankr. W.D.Mo.2003).

**25.** Def. Ex. D.

Fred M. Cohen, Ontario, CA, for Michael and Stella Gilliam.

Mark C. Schnitzer, Reid & Hellyer, Riverside, CA, for Steven M. Speier, Chapter 7 Trustee.

Before: KLEIN, MARLAR, and NIELSEN,* Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This appeal turns on differences between a limited liability company (LLC) and a sole proprietorship. The sole owners of the debtor, a California LLC, appeal orders requiring tax collectors to refund to the LLC's chapter 7 trustee LLC funds that were used to make estimated tax payments on behalf of the individual owners. Reasoning that the LLC, unlike a sole proprietorship, is a separate legal entity with its own chapter 7 estate, we AFFIRM.

## FACTS

The debtor, KRSM Properties, LLC, is a limited liability company organized under California law, whose sole "member" owners are appellants, Michael and Stella Gilliam.

The Gilliams are, themselves, also debtors in a separate joint chapter 7 bankruptcy case.

In April 2003, KRSM sold real property in California, receiving net sale proceeds of $146,513.25.

During May and June 2003, KRSM issued checks totaling $136,000 to the United States Internal Revenue Service ("IRS") and the California Franchise Tax Board ("FTB") that were used to pay estimated personal income taxes on behalf of the Gilliams, at least some of which presumably would result from capital gains taxable to them on account of the KRSM sale. The funds drawn upon are traceable to the sale proceeds. KRSM did not itself owe taxes to either the IRS or FTB because the Gilliams had elected "pass-through" taxation by having KRSM disregarded as an entity separate from them for tax purposes.

Chapter 7 bankruptcy cases were filed by the Gilliams and by KRSM on August 20, 2003. Appellee, Steven M. Speier, is trustee of the KRSM estate. The Gilliam estate has a different trustee.

Although the KRSM schedules suggest that it has no creditors, a Gilliam creditor filed a proof of claim, to which they have objected on the basis that KRSM does not owe the debt.

Noting that KRSM funds had been used for estimated payment of the Gilliams' taxes, the KRSM trustee demanded that the IRS and FTB return the funds to the estate.

The IRS and FTB agreed to return the funds on court orders obtained on motions, rather than the adversary proceedings required by Federal Rule of Bankruptcy Procedure 7001(1).

Although neither IRS nor FTB opposed the ensuing motions, the Gilliams objected.

The bankruptcy court ordered the funds turned over to the trustee. The IRS and FTB complied.

The Gilliams' appealed both orders.

---

* Hon. George B. Nielsen, Bankruptcy Judge for the District of Arizona, sitting by designation.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUES

1. Whether the member-owners of the LLC had standing to oppose the motions to recover property and have standing to appeal.

2. Whether estimated tax payments made by a single-member LLC to the account of personal tax liabilities of its owners are property of the LLC estate subject to turnover.

## STANDARD OF REVIEW

■ Standing is an issue we may raise sua sponte and resolve de novo. *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 903 (9th Cir. BAP 1999). We review statutory interpretation questions de novo. *Com–1 Info, Inc. v. Wolkowitz (In re Maximus Computers, Inc.)*, 278 B.R. 189, 194 (9th Cir. BAP 2002).

## DISCUSSION

This appeal involves a straightforward issue that arises out of a puzzling situation.

It is straightforward in the sense that LLC funds were used to make estimated tax payments on behalf of future tax liabilities of its owners and thus can be recovered by the LLC's chapter 7 trustee. The puzzle is why, if it had no creditors, the LLC's case ever was filed, or why the owners' individual case was not adequate to deal with their bankruptcy problem.

We begin, however, with the question of the standing of the owners of the LLC to have opposed the motions and to appeal.

### I

The standing of the owners of the LLC subdivides into the matter of what right they had to oppose the LLC trustee's efforts to recover LLC funds and whether they have appellate standing.

### A

■ The ersatz procedure employed in the bankruptcy court complicates the analysis of the problem of whether the owners should have been entitled to try to block the LLC trustee from recovering LLC funds from the tax authorities.

If the adversary proceedings required by Bankruptcy Rule 7001(1) had been filed,[1] then the court presumably would have focused on whether the owners should have been joined as parties or allowed to intervene under Civil Rules 19, 20, or 24. Fed.R.Civ.P. 19, 20 & 24, *incorporated by* Fed. R. Bankr.P. 7019, 7020 & 7024. A formal joinder or intervention under those rules necessarily would have been premised on factors that are consistent with the existence of standing.

The procedure used, however, was the contested matter procedure governed by Bankruptcy Rule 9014, which does not, without a specific order that is not present here, incorporate Civil Rules 19, 20, or 24. Fed. R. Bankr.P. 9014(c).[2]

---

1. Adversary proceedings are defined to include:

 ... The following are adversary proceedings:
 (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; Fed. R. Bankr.P. 7001(1).

2. Selected adversary proceeding rules apply in contested matters:

 (c) Application of Part VII rules. Unless the court directs otherwise, the following

The most we can infer is that the court implicitly added the owners as parties, perhaps under Civil Rule 21, which does apply in both adversary proceedings and contested matters. Fed.R.Civ.P. 21, *incorporated by* Fed. R. Bankr.P. 7021 & 9014.

We are left, however, to assess standing without the benefit of the specific views of the trial court.

Since the owners are third parties to the LLC trustee's claims against tax authorities, we look to whether the standard test for third-party standing is met: (1) "injury in fact" to the owners; (2) close relationship between owners and trustee; and (3) hindrance to the owners' ability to protect themselves. *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Wasson v. Sonoma County Jr. Coll.*, 203 F.3d 659, 663 (9th Cir.2000); *Houston v. Eiler (In re Cohen)*, 305 B.R. 886, 900 (9th Cir. BAP 2004).

The owners are injured in fact because the IRS and FTB, upon returning the estimated tax payments to the LLC trustee, will look to them for payment on taxes that plainly cannot be discharged in their chapter 7 case.

The nature of the owner's relationship with the LLC chapter 7 trustee depends in part on the prospects of surplus distribution available to them out of the liquidation of LLC estate. It does appear that there is such a possibility, as only one claim has so far been filed in the LLC case, to which claim the owners have objected.[3] While the LLC trustee's duty to maximize the estate is ordinarily consistent with the interests of owners, the secondary liabilities in this situation are consistent with owner standing.

Finally, it seems evident that the owners' ability to protect their interests is impaired by the grant of the motions.

It follows that they have the "injury in fact" that is the irreducible minimum for third-party standing.

### B

■ Appellate standing is a separate, nonjurisdictional concept that requires an appellant to be "adversely and pecuniarily affected" by the outcome as a condition of being heard on appeal. *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 917 (9th Cir. BAP 1999), *cited with approval, Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir.2002).

In this situation, the appellate standing question ties in with the related question of mootness in light of the fact that the IRS and FTB have actually complied with

---

rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7052, 7054–7056, 7064, 7069, and 7071. [Rule 7027 may be used to perpetuate testimony.] The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.
Fed. R. Bankr.P. 9014(c).

**3.** The standing of owners to object to claims in a corporate chapter 7 case, like the standing of chapter 7 debtors to object to claims in

their own cases, depends upon whether they would be "injured in fact" by the allowance of the claim. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1108–09 (9th Cir.2003); *Dellamarggio v. B–Line, LLC (In re Barker)*, 306 B.R. 339, 346–47 (Bankr.E.D.Cal.2004); 4 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 502.02[2][c] (15th ed. rev. 2003). This requirement is satisfied by cognizable prospects of receiving a distribution or of a nondischargeable debt being affected.

the orders on appeal by turning the funds over to the trustee.

### 1

The appeal would be moot if the return of the funds by the IRS and FTB made it either impossible or inequitable for us to fashion effective relief. *Official Committee of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 450 (9th Cir. BAP 2002).

If we were to reverse, the trustee could be compelled to restore the status quo ante on the theory the owners' rights are superior to the trustee's rights. Hence, the appeal is not moot.

### 2

The fact that the outcome of the appeal could affect the ultimate payment liability of the owners on what would qualify as nondischargeable taxes leads to the conclusion that they would be "adversely and pecuniarily affected" if we were to affirm the orders on appeal. Although the reality is that some of the funds recovered likely would be recycled to the tax authorities, transaction costs for, at a minimum, LLC chapter 7 administrative expenses would be incurred in the process that would reduce the total.[4]

Accordingly, we conclude that the owners have appellate standing and that we have jurisdiction over this appeal.

4. Recycling would occur to the extent that the LLC turns out to have more liquid assets than debt. Thus, if no claims are allowed in the LLC chapter 7 case, all of the assets assembled by the trustee, net of administrative expenses, would be distributed to the debtor before the case closes. 11 U.S.C. § 726(a)(6). The post-bankruptcy LLC could distribute the funds to owners (or their chapter 7 trustee). If received by their chapter 7 estate, they could be distributed as priority tax claims.

### II

■ The bankruptcy court ruled that the LLC's funds paid to the IRS and FTB as estimated payment of personal income taxes owed by the owners constitute property of the LLC bankruptcy estate and ordered that the funds be turned over to the LLC trustee.

The owners argue that their election to have the LLC disregarded for federal tax purposes and to pay personal income tax on income resulting from LLC business entitles them to have LLC funds used to pay the owners' estimated tax obligations. In effect, they wish to equate an LLC with a sole proprietorship.

We agree with the LLC trustee that the separate nature of the LLC bankruptcy estate cannot be disregarded and that there is a distinction that makes a difference under the Bankruptcy Code between the status of an LLC and a sole proprietorship.

A sole proprietorship is not a "person" for purposes of the Bankruptcy Code because it is neither an individual, nor a partnership, nor a "corporation." 11 U.S.C. § 101(41). Since it is not a "person," a sole proprietorship is ineligible to be a debtor in bankruptcy. 11 U.S.C. § 109(a)-(b).

In contrast, an LLC, by virtue of its structure and limited liability features, fits comfortably within the Bankruptcy Code's definition of "corporation" and, hence, is a "person" eligible to be a debtor. 11 U.S.C. § 101(9).[5] This is a crucial difference.

11 U.S.C. §§ 507(a)(8) & 726(a)(1). If the owners' chapter 7 trustee abandons his interest in future LLC distributions, they would go to the owners personally but likely wind up with the tax authorities in payment of nondischargeable taxes. 11 U.S.C. § 523(a)(1).

5. The Bankruptcy Code definition of "corporation" is a term of art that is broader than the ordinary meaning of that word:
 (9) "corporation"–

California authorizes the LLC form of business organization. CAL. CORP. CODE §§ 17000–655; *PacLink Communications Int'l, Inc. v. Superior Ct.*, 90 Cal.App.4th 958, 963, 109 Cal.Rptr.2d 436 (2001) ("*PacLink*"); 9 B.E. WITKIN, SUMMARY OF CALIFORNIA LAW, *Partnership* §§ 120–68 (9th ed. 2004 Supp.) ("WITKIN").

The LLC is a hybrid business entity that consists of one or more "members" who own membership interests and that has features both of partnerships and of corporations. CAL. CORP. CODE § 17050; *PacLink*, 90 Cal.App.4th at 963, 109 Cal. Rptr.2d 436 9 WITKIN *Partnership* §§ 120–21.

The LLC is a distinct legal entity with a separate existence from its members and with all the powers of a natural person in carrying out its business activities. CAL. CORP. CODE § 17003; *Abrahim & Sons Enters. v. Equilon Enters., LLC*, 292 F.3d 958, 962 (9th Cir.2002); 9 WITKIN *Partnership* § 130.

The LLC can, inter alia, transact business, sue and be sued, incur liabilities, and own and deal in property in its own name. CAL. CORP. CODE §§ 17003(a) (transact business), (b) (suits), (d) (liabilities), & (f) (property); 9 WITKIN *Partnership* § 130.

The LLC may engage in any lawful business activity other than in the banking, insurance, and trust company businesses. CAL. CORP. CODE § 17002; 9 WITKIN *Partnership* § 129.

The LLC's members (i.e. owners) have no direct ownership interest in specific LLC property. CAL. CORP. CODE § 17300;

*e-Realbiz.com, LLC v. Protocol Communications, Inc. (In re Real Mktg. Servs., LLC)*, 309 B.R. 783, 788 (S.D.Cal.2004); *PacLink*, 90 Cal.App.4th at 964, 109 Cal. Rptr.2d 436 9 WITKIN *Partnership* § 141.

Nor, consistent with general corporate shareholder liability law, do the members have personal liability for any debt of the LLC solely by virtue of being a member of the LLC, the acts of the LLC being deemed independent of the acts of its members. CAL. CORP. CODE § 17101; 9 WITKIN *Partnership* § 140.

Members can, however, actively participate in management of the LLC. CAL. CORP. CODE § 17150; 9 WITKIN *Partnership* § 152.

Correlatively, members of LLCs cannot assert causes of action derived from causes of action owned by the LLC. *Real Mktg.*, 309 B.R. at 789; *PacLink*, 90 Cal.App.4th at 964–65, 109 Cal.Rptr.2d 436.

A tax advantage in the LLC form of business is the ability, assuming proper organization, to avoid the double taxation of corporate income and shareholder dividends by having an eligible LLC elect to be treated as a partnership for federal tax purposes without being subject to as many restrictions as "subchapter S corporations." 9 WITKIN *Partnership* § 120; 1A WILLIAM M. FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 70.50 (perm.ed., rev.1998).

Moreover, a "single-member" LLC, such as KRSM, has the option of electing either to be taxed as an association (i.e., a corporation) or, like a sole proprietorship, to be

(A) includes–
(i) association having a power or privilege that a private corporation, but not an individual or a partnership possesses;
(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;
(iv) unincorporated company or association; or
(v) business trust; but
(B) does not include limited partnership;
11 U.S.C. § 101(9).

disregarded as an entity separate from its owner. 26 C.F.R. § 301.7701–3(a) (2003).[6] If the single-member LLC elects to be taxed as a sole proprietorship, the LLC itself does not pay taxes and does not have to file a separate tax return.[7] 26 C.F.R. 301.7701–2(a) (2003);[8] CAL. REV & TAX CODE § 23038(b)(2)(B)(iii). Rather, the single member reports all LLC profits or losses on a personal tax return as if the business was a sole proprietorship.

In this case, the owners opted to avoid corporate taxation by electing to have the LLC disregarded as a separate entity.

As a result of the tax election, the owners were personally liable for any tax resulting from the capital gains derived from the sale of the LLC property. That sale generated about $150,000 in proceeds, which the owners caused the LLC to use to fund estimated personal income tax payments to the IRS and FTB.[9]

We reject the owners' argument that because the LLC entity is disregarded for tax purposes, payment to the IRS and FTB came from a bank account "that is nothing more than the [owners'] sole proprietorship account; an account held by the [owners] in the name of their fictitious business entity." To the contrary, the provisions of the California Corporations Code described above compel the conclusion that an LLC is fact, not fiction.

A tax election to have an LLC disregarded as a taxable entity has no effect on the legal status of ownership of LLC assets. When the LLC sold the real property it owned in its name, the proceeds from the sale remained its property.

Correlatively, the filing of a bankruptcy case does not operate, without more, to effect a change in the status of income tax elections regarding an LLC. Although we are not now presented with—and do not consider—a question regarding bankruptcy implications of any differences in rules for changing LLC tax elections and subchapter S tax elections, the subchapter S tax status election cases do establish that the bankruptcy filing, itself, does not trigger a change. *Parker v. Saunders (In re Bakersfield Westar, Inc.)*, 226 B.R. 227, 234–37 (9th Cir. BAP 1998); *accord Mourad v. Comm'r*, 387 F.3d 27, 30 (1st Cir.

---

6. Pertinent federal tax regulations provide:
 Classification of certain business entities.
 (a) *In general.* A business entity that is not classified as a corporation under § 301.7701–2(b)(1) [& (3)-(8)] (an *eligible entity*) can elect its classification for federal tax purposes as provided in this section. An eligible entity with at least two members can elect to be classified as either an association (and thus a corporation under § 301.7701–2(b)(2)) or a partnership, and an eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. . . .
 26 C.F.R. § 301.7701–3(a) (2003) (emphasis in original).

7. California LLCs file information returns and pay an annual fee based on gross income for the "privilege of doing business." CAL. REV & TAX. CODE §§ 17941–42 & 18633.5.

8. Pertinent federal tax regulation provides:
 Business entities; definitions
 (a) *Business entities* . . . . A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner.
 26 C.F.R. § 301.7701–2(a) (2003) (emphasis in original).

9. The owners elected under 26 U.S.C. § 1398 to divide the taxable year that their bankruptcy was commenced into two short years: the first short year from January 1, 2003 to August 19, 2003; the second short tax year from August 20, 2003, the date they filed their chapter 7 case, to December 31, 2003.

2004); *In re Stadler Assocs., Inc.,* 186 B.R. 762, 763–64 (Bankr.S.D.Fla.1995).

Nor are we persuaded that the orders are inequitable. While there is some intuitive appeal to the notion that the funds recovered might end up being recycled to the IRS and FTB after useless expense if there are no LLC creditors, that analysis is too uncertain to be a basis for decision. First, it is not certain that the claim filed in the LLC case will be disallowed. Moreover, other liabilities could crop up (e.g., the purchasers of the LLC real property might sue the LLC on account of an undisclosed defect in title or premises) and eliminate the prospect for a chapter 7 distribution to the debtor (thence to owners). Even tardy claims may be honored under the chapter 7 distribution scheme. 11 U.S.C. § 726(a)(3).

In short, requiring turnover in the circumstances of this case comports with both tax and bankruptcy law. The owners elected to have the LLC ignored as a separately-taxed entity so that they could enjoy limited liability while avoiding double corporate and individual taxation. That choice comes with benefits and, as this appeal demonstrates, burdens.

When the owners caused the LLC to file a voluntary chapter 7 case, they elected to run the gauntlet of the chapter 7 distribution scheme under the gimlet eye of a trustee whose duty runs to the maximization of LLC estate assets. Regardless of the wisdom of the choice to file the LLC case, an LLC is not a personal piggy bank and, under the chapter 7 liquidation scheme, payment of the owners' personal income taxes must first give way to payment of the LLC's creditors.

1. No appearance has been made by the chapter 7 trustee and Washington Mutual Bank,

Thus, no error appears in the turnover orders.

## CONCLUSION

It was not error to order the IRS and FTB to turn over the funds received from KRSM on account of estimated personal income taxes of KRSM's owners. AFFIRMED.