

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| PATRICK MIELE, | No. 09-55525 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00196-R-RZ |
| v. | |
| RON PERLSTEIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| PETER DAVY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 5, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Patrick Miele appeals an award of summary judgment to Ron and Judith Perlstein and Danco, Inc. (Defendants). We exercise our discretion to assume jurisdiction over the appeal, *see Wahkiakum Band of Chinook Indians v. Bateman*, 655 F.2d 176, 177 n.1 (9th Cir. 1981); *Riggle v. California*, 577 F.2d 579, 581 n.A (9th Cir. 1978), and we affirm.

No California state court has squarely decided whether the principles of derivative lawsuits applicable to corporations also apply to a limited liability company such as Rhapsody LLC. *Cf. Paclink Commc'ns Int'l, Inc. v. Superior Court*, 109 Cal. Rptr. 2d 436, 439 (Ct. App. 2001) (noting that the plaintiffs had *conceded* that such principles applied in the LLC context). We will assume for the sake of argument that Miele has standing to assert his claims against Defendants. *See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 338 (1990) (assuming *arguendo* that a party met the prudential requirements of the standing doctrine).

Even under that assumption, Miele's claims for breach of fiduciary duty and intentional interference with prospective economic advantage are meritless as a matter of law. Miele must show that he has suffered damages to establish either a breach of fiduciary duty, *see Alexander v. Robertson*, 882 F.2d 421, 423 (9th Cir. 1989); *Am. Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*, 117 Cal. Rptr.

2

2d 685, 705-06 (Ct. App. 2002), or intentional interference with prospective economic advantage, *see Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003); *Salma v. Capon*, 74 Cal. Rptr. 3d 873, 888 (Ct. App. 2008). There is no evidence that the sale of the film *Rhapsody* to Blockbuster without Miele's consent,[1] Danco's separate contract with Bruder Releasing, or Perlstein's deposit of funds from the Blockbuster deal into Danco's account deprived Miele of any money that he would otherwise have received. There is no evidence that the film's fair market value exceeded the amount Blockbuster paid for it, or that other, better offers were available.

Furthermore, there is no evidence that Perlstein himself negotiated or executed the deal with Blockbuster. It was Bruder Releasing that signed the agreement with Blockbuster and had exclusive authority to enter into it. Bruder Releasing was dismissed earlier in this case, but apparently Miele has not appealed that dismissal. Insofar as Miele's claims relate to the Blockbuster agreement, the Perlsteins and Danco are not proper defendants.

---

[1] The record is not entirely clear on the question of consent. Miele changed his mind about the Blockbuster deal at least twice. The record does not explain Miele's change of mind, and counsel's attempted explanation at oral argument clarified nothing.

3

Miele also asserts a frivolous claim of usury. Perlstein's investment in Rhapsody was not a loan, *see Ghirardo v. Antonioli*, 883 P.2d 960, 965 (Cal. 1994) (noting that in determining whether a transaction was a loan, and therefore subject to usury law, the substance and not the form of the transaction controls), and even if it were, Perlstein enjoyed a negative rate of "interest" by receiving less than $200,000 from the Blockbuster deal since he had contributed $300,000 to Rhapsody LLC. Miele has adduced no evidence of any other return that Perlstein received on his investment.

Because the district court's summary judgment must be affirmed, Miele's contention that this case should be remanded to a different district court judge is moot.

**AFFIRMED.**