

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EINSTEIN COSMETICS, LLC, )        No. 11-56147
                         )
    Plaintiff – Appellant, )        D.C. No. 2:10-cv-00640-AHM-AGR
                         )
    v.                   )        **MEMORANDUM**[*]
                         )
CVS CAREMARK CORP.;      )
CVS PHARMACY, INC.,      )
                         )
    Defendants – Appellees. )
                         )

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted April 8, 2013[**]
Pasadena, California

Before:     FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

    Einstein Cosmetics, LLC ("Einstein") appeals the district court's grant of

summary judgment and terminating sanctions in favor of CVS Pharmacy, Inc. and

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

CVS Caremark Corp. (collectively "CVS"). We affirm.

(1) Einstein first asserts that the district court erred when it determined that Einstein's complaint must be dismissed because the person who purported to file and pursue the action had no authority to do so on Einstein's behalf. We disagree. The evidence before the court made it plain that Einstein was an LLC so structured that sole "management [was] vested in only one manager,"[1] a requirement that could not be changed absent an amendment to the articles of organization.[2] The evidence showed that Shalant was not that manager,[3] and had no authority to bring an action on behalf of Einstein. In short, he was not an agent of Einstein for that purpose. See S. Sacramento Drayage Co. v. Campbell Soup Co., 220 Cal. App. 2d 851, 856, 34 Cal. Rptr. 137, 139–40 (1963). On appeal it is suggested that this was a stockholder's derivative[4] action on behalf of Einstein. However, that issue was not raised before the district court and is waived. See Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996). Moreover, we note that the prerequisites to filing a derivative action were never pled. See Cal. Corp.

---

[1]Cal. Corp. Code § 17151(b).

[2]Id. § 17054(c)(2).

[3]Nor was he the Chief Executive Officer.

[4]See Cal. Corp. Code § 17501; see also Paclink Commc'ns Int'l, Inc. v. Superior Court, 90 Cal. App. 4th 958, 963–64, 109 Cal. Rptr. 2d 436, 439 (2001).

Code § 17501(a)(2); see also Cal. Corp. Code § 800(b); Potter v. Hughes, 546 F.3d 1051, 1055 (9th Cir. 2008); Bader v. Anderson, 179 Cal. App. 4th 775, 782–83, 101 Cal. Rptr. 3d 821, 826–27 (2009).

(2)     Einstein then argues that the district court erred when it granted terminating sanctions as to CVS's counterclaim because of Einstein's discovery violations.  See Fed. R. Civ. P. 37(d)(1)(A)(i), (b)(2)(A)(vi); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).[5]  Again, we disagree.[6]  While the district court did not expressly find bad faith on Einstein's part,[7] the apparent refusal of Einstein to produce its manager and CEO — the most important witnesses to the arrangement with CVS — for their depositions and its failure to otherwise comply with its discovery obligations were redolent of bad faith.[8] Especially in light of the lack of opposition at the district court and the whole flavor and course of the litigation before it, we cannot say that the district court

---

[5]While the district court referred to its inherent power, it is not clear that it relied upon that power separately.

[6]We note that Einstein did not oppose the motion for terminating sanctions, but now, surprisingly, appeals their grant.

[7]See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

[8]See Virtual Vision, Inc. v. Praegitzer Indus., Inc., 124 F.3d 1140, 1143–44 (9th Cir. 1997).

3

abused its discretion[9] when it applied the five-factor test that the district courts must use in determining whether a terminating sanction is appropriate.[10] Moreover, the district court's determination that lesser sanctions would not be effective is not specifically disputed on appeal,[11] and it cannot be doubted that the inability to obtain discovery would be prejudicial to CVS's presentation of its case. On this record, we are unable to hold that the district court erred.

AFFIRMED.

---

[9]See Leon, 464 F.3d at 957–58; Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995).

[10]See Conn. Gen., 482 F.3d at 1096; Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

[11]Einstein's general comment that none of the five factors applies is not "a viable argument on appeal." Alcock v. Small Bus. Admin. (In re Alcock), 50 F.3d 1456, 1461 n.9 (9th Cir. 1995); see also Brooks v. City of San Mateo, 229 F.3d 917, 922 n.1 (9th Cir. 2000).