Filed 6/26/14  Le v. Pham CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DIEU-HOA LE et al., | |
| Plaintiffs and Appellants, | G048043 |
| v. | (Super. Ct. No. 30-2009-00122674) |
| LIEU KIEU PHAM et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.

The Amin Law Group, Ismail Amin, Saehwa Kang, and Katherine Vescera for Plaintiffs and Appellants.

Law Offices of Ashton R. Watkins and Ashton R. Watkins for Defendants and Respondent.

\*         \*         \*

Plaintiffs Tien Le and his former wife, Dieu-Hoa Le, appeal from the judgment entered after the trial court granted the motion of defendants Newland Pharm., Inc. doing business as Newland Pharmacy (Newland), Lieu Pham, and Pham's husband, Quang Bo, for judgment notwithstanding the verdict (JNOV). Plaintiffs contend JNOV could not be granted because the court had already denied the motion for a directed verdict on the same causes of action, defendants cited questions submitted by the jury during deliberations, and the court speculated how the jury reached its verdict and improperly limited their damages. They also argue the court erred in finding many of their claims to be derivative. Alternatively, plaintiffs maintain the court should have granted defendants' motion for new trial instead of JNOV because it (1) found defendants had not presented sufficient evidence, and (2) failed to provide detailed findings. Because we reject these assertions, we need not discuss plaintiffs' contention that substantial evidence supports their claims for breach of fiduciary duty, negligence, constructive and actual fraud, and punitive damages.

FACTS AND PROCEDURAL BACKGROUND

Pham owns 50 percent of Newland's shares while plaintiffs own the other 50 percent. In December 2008, plaintiffs sent Pham a demand letter for the inspection of Newland's books and records in 2008 and again January and February 2009. Although Pham produced some records, plaintiffs asserted the production was incomplete and sued defendants alleging Pham "blantantly ignor[ed their] requests for access to records and/or 'books' relating to Newland's corporate financial infrastructure and day-to-day operations" and committed other wrongs, which damaged the value of their financial stake in Newland. The complaint asserted causes of action for, inter alia, breach of

fiduciary duty, constructive fraud, actual fraud, conversion, conspiracy, and negligence, as well as a claim for punitive damages.

Following the close of plaintiffs' case, defendants orally moved for a directed verdict on the ground causation of damages had not been demonstrated. The court granted the motion as to the conversion and conspiracy claims. It denied the motion on the breach of fiduciary, negligence, and fraud causes of action, but noted "there's no[t] much left of them" after it had gone through plaintiffs' complaint and stricken most of the bases for liability.

On the cause of action for breach of fiduciary duty, plaintiffs withdrew certain claims but moved to amend the complaint to add several allegations to the breach of fiduciary duty cause of action. The court granted the motion but disallowed most of the proposed amendments. The court found most of the allegations in the complaint and amended complaint to be derivative in nature. It also ruled another claim could only be asserted against Newland, which was not named in the breach of fiduciary duty cause of action, and rejected other allegations for various reasons.

The only theory the court allowed on the breach of fiduciary duty cause of action was based on Pham's issuance of Internal Revenue Service's Form 1120S, also known as a Schedule K-1, which is used to report a partner's share of income from an S corporation (see Shareholder's Instructions for Schedule K-1 (K1) <www.irs.gov/pub/irs-pdf/i1120ssk.pdf> [as of Jan. 23, 2014]). Plaintiffs claimed defendants issued the form to them without distributing the corporate profits. The court questioned whether that was improper and noted it "may entertain a motion for new trial" depending on the jury's verdict. But it permitted the theory to go to the jury based on plaintiffs' representation their expert had stated the unpaid profits were "phantom income" that should have been paid.

3

As to constructive and actual fraud, the court ruled plaintiffs could only seek damages based on their allegation Pham had concealed a bank account from them. Regarding the negligence cause of action, plaintiffs conceded their damages were limited to the K1s being issued without payment of the profits.

In light of rulings, Special Instruction No. 10 instructed the jury that damages on the breach of fiduciary duty and negligence claims could only be based on Pham's issuance of the K1s and that any damages on the constructive and actual fraud claims were limited to her concealment of the bank account. The jury awarded plaintiffs damages on all of these claims as well as punitive damages.

Defendants concurrently moved for JNOV and a new trial. The court granted JNOV, mooting the motion for new trial. In doing so, the court found the evidence "overwhelmingly demonstrated that a K1, reflecting that the corporation made a profit, [must be issued to the shareholders but] does not require that a shareholder actually be paid his or her share of the profit . . . even though the shareholder must report the 'phantom profit' as income." Thus, Pham did not breach her fiduciary duty or act negligently "when a check for the proportionate share of the corporation's profits did not accompany the K1s which she issued to them."

"[T]he court likewise [found] . . . no substantial evidence supported the jury's verdict" on the fraud claims based on concealment of the bank account because plaintiffs did not show they sustained any damages. Although plaintiffs claimed they were damaged by Pham's use of the account to, among other things, pay her mortgage, those damages were not caused by Pham's concealment or misrepresentation and in any event, plaintiffs lacked standing to assert such a claim, which belonged to Newland "and not to its shareholders."

4

DISCUSSION

*1. Standard of Review*

"A motion for judgment notwithstanding the verdict may be granted only if a motion for a directed verdict should have been granted. [Citations.] The court's power to direct a verdict is the same as its power to grant a nonsuit[, which] . . . '"may be granted only where, disregarding conflicting evidence on behalf of the defendants and giving to plaintiff's evidence all the value to which it is legally entitled, therein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff . . . on any tenable theory of liability."'" (*Fletcher v. Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 386.) On appeal, "the standard of review is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion." (*Sweatman v. Department of Veterans Affairs* (2001) 25 Cal.4th 62, 68.) But if a motion for JNOV raises legal issues such as the application of law to undisputed facts, we review the trial courts ruling on the motion de novo. (*Mason v. Lake Dolores Group* (2004) 117 Cal.App.4th 822, 829-830.)

*2. Granting JNOV After Denial of Directed Verdict*

Plaintiffs contend the court erred in granting JNOV because it originally denied defendants' motion for a directed verdict as to the breach of fiduciary duty, constructive and actual fraud, and negligence claims. But here, the court *should have* granted the motion for a directed verdict on those claims. In addition to undisputed evidence that IRS rules required Pham to issue K1s to plaintiffs showing Newland had made a profit, plaintiffs point to no evidence or authority supporting their position that Pham had a duty to pay plaintiffs their proportionate share of Newland's profits upon

5

issuance of the K1s.  As for fraud, plaintiffs failed to show they sustained any damages arising from the concealment of the bank account or that they had standing to assert the claim.  Although the court allowed these theories to go to the jury, the authorities plaintiffs cite do not preclude a JNOV even after the denial of a motion for a directed verdict.  (See generally *Fletcher v. Western National Life Ins. Co.*, *supra*, 10 Cal.App.3d 376; *Free v. Furr* (1956) 140 Cal.App.2d 378.)

*3.  Citing to Juror Questions*

In the motion for JNOV, defendants cited to jury questions submitted during deliberations.  Plaintiffs argue this was improper because juror questions are inadmissible.  But the case they cite, *Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1683, deals with juror *declarations* submitted in support of a motion for new trial.  And even assuming it was improper to cite to the *questions*, plaintiffs have not shown the court relied on the questions in granting JNOV.

*4.  Speculation as to How Jury Reached its Verdict*

During the hearing on the JNOV motion, the court asked plaintiffs' counsel how he thought the jury calculated the damages for the breach of fiduciary and negligence claims, as well as for fraud.  Plaintiffs contend that by doing so, the "court improperly speculated about how the jury arrived at the figure it awarded [them] in determining whether or not [it] should set aside the jury's verdict."  But the court did not grant JNOV based on its inquiries into the amount of damages the jury awarded.  To the contrary, it concluded plaintiffs were not entitled to *any* damages for reasons unrelated to the amount of damages awarded.

*5. Limiting Plaintiffs' Damages*

Defendants assert the court improperly limited their breach of fiduciary duty and negligence damages "only [to] the claim that . . . Pham issued K[]1s to the plaintiffs in breach of her fiduciary duties to them" because that "limited the jury's ability to find [that] conduct fraudulent absent her fiduciary role." But plaintiffs did not assert the issuance of the K1s as a basis for constructive or actual fraud in either their complaint or during the hearing on directed verdict motion. Plaintiffs' failure to raise this issue in the trial court forfeits it on appeal. (*Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 143.) In any event, plaintiffs have not shown the court erred in concluding plaintiffs had no duty to pay out the profits whenever a K1 was issued.

Plaintiffs also claim the court "improperly limited the jury's ability to calculate damages" on the fraud causes of action by restricting the theory of recovery to concealment of the bank account. Their failure to present any reasoned legal analysis or citation to authorities forfeits the issue. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

*6. Standing to Assert Claims*

Plaintiffs dispute the court's finding that many of their claims were derivative, depriving them of standing to assert them. They limit their challenge to Pham's issuance of the K1s, concealment of the bank account, charging personal expenses to corporate accounts, paying herself an excessive salary, and misappropriating money. But the court did not rule plaintiffs had no standing to assert the claim that Pham breached her fiduciary duty to them in issuing K1s. As to the remaining three issues, plaintiffs never asserted any individual damages arising from Pham's alleged actions.

"A shareholder's derivative suit seeks to recover for the benefit of the corporation and its whole body of shareholders when injury is caused to the corporation

7

that may not otherwise be redressed because of failure of the corporation to act. Thus, 'the action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, or it seeks to recover assets for the corporation or to prevent the dissipation of its assets.'" (*Jones v. H. F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 106 (*Jones*).) In contrast, a "'stockholder's individual suit . . . is a suit to enforce a right against the corporation which the stockholder possesses as an individual.'" (*Id*. at p. 107; see generally *Villari v. Mozilo* (2012) 208 Cal.App.4th 1470, 1477-1478.)

*Jones* allowed the plaintiff to seek individual damages based on the appraised value of her shares because "[i]t is clear from the stipulated facts and plaintiff's allegations that . . . the gravamen of her cause of action is injury to herself and the other minority stockholders." (*Jones*, *supra*, 1 Cal.3d at p. 107.) *Jara v. Suprema Meats, Inc.* (2004) 121 Cal.App.4th 1238 (*Jara*) "read *Jones* as allowing a minority shareholder to bring a personal action alleging 'a majority stockholders' breach of a fiduciary duty to minority stockholders, which resulted in the majority stockholders retaining a disproportionate share of the corporation's ongoing value.'" (*Id*. at pp. 1257-1258.) *Jara* permitted the plaintiffs' individual action to proceed because "[t]he gravamen of [the] complaint is that [the plaintiff] was deprived of a fair share of the corporation's profits as a result of defendants' generous payment of executive compensation to themselves." (*Id*. at p. 1258; see *Smith v. Tele-Communication, Inc.* (1982) 134 Cal.App.3d 338, 343 [dismissal after demurrer sustained for lack of standing reversed where gravamen of claims is injury to the plaintiff "as the only minority shareholder" and "cause of action based on the fraud is individual and not representative in character"].)

The above three cases, on which plaintiffs largely rely, are factually distinguishable because they involve minority shareholders asserting claims against

majority shareholders.  Here, Pham and plaintiffs each own 50 percent of the shares. Although plaintiffs each own 25 percent, they are suing collectively, not individually. Plaintiffs have not cited any authority allowing them to maintain a personal action against an equal shareholder.

Moreover, the concealment of the bank account itself did not result in any distinct damage to plaintiffs.  They concede the injury is that "the concealed account was used" to misappropriate funds from Newland to pay salaries and Pham's personal expenses, including her mortgage liens and lawsuits.  Even if fraudulent, such transfers of Newland's assets gave rise to a derivative action, not a personal one, "because the gravamen of the alleged wrongs was an injury to the company.  (*PacLink Communications, Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 964-965 . . . [diminution in the value of the members' 38 percent ownership interest was incidental to injury to company, which was improperly deprived of its assets].)"  (*Everest Investors 8 v. NcNeil Partners* (2003) 114 Cal.App.4th 411, 426; see *Avikian v. WTC Financial Corp.* (2002) 98 Cal.App.4th 1108, 1115-1116 ["core claim" that the defendants mismanaged corporation and "entered into self-serving deals" amounted to claim of injury to corporation recoverable only in derivative suit].)

*7.  Granting of Motion for JNOV Rather than Motion for New Trial*

Alternatively, plaintiffs contend the court should have granted defendants' motion for a new trial rather than their motion for JNOV.  They assert a new trial must be granted whenever insufficient evidence supports the judgment, which is what the court found.  Additionally, they point out JNOV may be granted only where a directed verdict is appropriate and here the court had already denied such a motion on the causes of action for breach of fiduciary duty, contractive and actual fraud, and negligence.  We disagree with plaintiffs' analysis.

9

Motions for new trial and for JNOV have different purposes and different standards. We discussed these distinctions in *Fountain Valley Chateau Blanc Homeowner's Assn. v. Department of Veterans Affairs* (1998) 67 Cal.App.4th 743 (*Fountain Valley*): The purpose of a JNOV motion "is to allow a party to prevail as a matter of law where the relevant evidence is *already in*. (*Id*. at p. 750.) "By contrast, . . . the function of a new trial motion is to allow a *reexamination* of an issue of fact." (*Id*. at p. 751.) A JNOV is a "'dispositive' motion[ whereas] . . . granting a new trial does not entail a victory for one side or the other. It simply means the reenactment of a *process* which may eventually yield a winner." (*Ibid*.) "The reason for the 'dispositive' motion[] is that the plaintiff cannot win, because the plaintiff has presented insufficient evidence to support a favorable judgment. Yet a new trial motion may *itself* be based on insufficient evidence to support a favorable judgment." (*Ibid*.)

The distinction is that "[w]hen a trial judge grants a motion for new trial based on insufficiency of the evidence, it is *not* because the judge has concluded that the plaintiff *must* lose, but only because the evidence in the trial that actually took place did not justify the verdict. Evidence might exist to justify the verdict, but for some reason did not get admitted . . . . *There is still the real possibility that the plaintiff has a meritorious case*." (*Fountain Valley*, *supra*, at p. 752, fn. omitted.)

Here, in granting JNOV, the court concluded plaintiffs *must* lose and that there was no possibility they could produce evidence to support the missing components of their case. It thus did not err in granting JNOV instead a new trial.

8. *Failure to Provide Detailed Findings*

Lastly, plaintiffs assert the court failed to provide a detailed statement of decision. (Code Civ. Proc., § 632.) But a "fail[ure] to request a statement of decision" forfeits a claim "fault[ing] the specificity of the trial court's findings." (*Amerco Real*

*Estate Company v. City of West Sacramento* (2014) 224 Cal.App.4th 778, 789, fn. 2.)

Plaintiffs have not shown they made such a request, forfeiting the issue.


DISPOSITION


The judgment is affirmed.  Defendants shall recover their costs on appeal.



RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

11