Filed 2/27/15  Switzer v. McCormick, Barstow, et al. CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TED SWITZER,<br><br>    Cross-complainant and Respondent,<br><br>    v.<br><br>McCORMICK, BARSTOW, SHEPAPRD, WAYTE & CARRUTH et al.,<br><br>    Cross-defendants and Appellants. | F068907<br><br>(Super. Ct. No. 11CECG04395)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Clifford & Brown, Stephen T. Clifford and John R. Szewczyk for Cross-defendants and Appellants.

Gregory L. Altounian and C. Michael Carrigan for Cross-complainant and Respondent.

-ooOoo-

Appellants, McCormick, Barstow, Sheppard, Wayte & Carruth LLP (McCormick Barstow), Gordon M. Park, Dana B. Denno and Irene Fitzgerald, challenge the trial court's denial of their motion to strike certain derivative causes of action alleged against them by respondent Ted Switzer on behalf of Flournoy Management, LLC (Flournoy) as a strategic lawsuit against public participation (SLAPP) under Code of Civil Procedure[1] section 425.16.

Switzer and Robert Wood each own 50 percent of Flournoy. Wood is Flournoy's sole manager. Switzer filed the original action to compel Flournoy and Wood to permit Switzer to inspect Flournoy's records. Flournoy and Wood, who were both represented by McCormick Barstow, resisted Switzer's efforts.

At issue are certain causes of action in the cross-complaint filed by Switzer. Switzer named McCormick Barstow and the individual attorneys as cross-defendants on behalf of Flournoy based on allegations that they breached their fiduciary duty to Flournoy by concurrently representing Flournoy and Wood despite the existence of a potential or actual conflict. McCormick Barstow argues that the conduct at issue is entitled to protection under section 425.16 because it occurred in connection with a judicial proceeding.

The trial court correctly concluded that the conduct constituting the gravamen of Switzer's causes of action against McCormick Barstow is not free speech or petitioning activity entitled to protection under section 425.16. Rather, those causes of action arose from the alleged breach of McCormick Barstow's ethical and professional duties to Flournoy. Accordingly, the order will be affirmed.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

## BACKGROUND

Switzer and Wood each ran businesses engaged in selling medical implants and associated hard goods to hospitals. They formed Flournoy to expand their business operations. Switzer and Wood were both members, and each was a 50 percent owner, of this limited liability company.

Wood was Flournoy's sole manager. As such, the day-to-day management and control of Flournoy was vested in Wood. However, Wood could not take certain actions without Switzer's approval, including commencing litigation on behalf of Flournoy.

Switzer filed the original complaint in this action against Wood and Flournoy to compel them to permit Switzer to inspect and copy Flournoy's business records. Switzer alleged that he was "concerned about the management of Flournoy" and desired to obtain "information necessary to the process of evaluating whether or not Flournoy has been managed and operated in a manner consistent with [Switzer's] rights as a member of Flournoy."

McCormick Barstow represented both Wood and Flournoy in responding to Switzer's complaint. McCormick Barstow also filed cross-complaints on behalf of Wood and Flournoy against Switzer.

Switzer then filed the cross-complaint at issue. Switzer stated direct causes of action against Wood and derivative causes of action against McCormick Barstow and the individual attorneys on behalf of Flournoy.

Switzer alleged that McCormick Barstow and the individual attorneys "breached their fiduciary duty to Flournoy by concurrently representing Flournoy and Mr. Wood despite the existence of a potential or actual conflict, and thereafter caused actual damage to Flournoy" by engaging in various litigation tactics that benefited Wood and burdened Flournoy. According to Switzer, McCormick Barstow needlessly: increased Flournoy's defense costs; exposed Flournoy to malicious prosecution for the false and baseless claims being asserted on behalf of Flournoy; and exposed Flournoy to liability for

3.

multiple discovery abuses. Switzer further alleged that McCormick Barstow consistently and repeatedly placed the interests of Wood over and above the interests of Flournoy. For example, Switzer asserts McCormick Barstow damaged Flournoy by "not even recommending the filing of an action on behalf of Flournoy against Mr. Wood to recover damages for Mr. Wood's perfidy and fraud with respect to the management and operation of Flournoy."

Switzer also stated causes of action on behalf of Flournoy against McCormick Barstow for an accounting, unfair competition, and violating Penal Code section 496 by aiding Wood in concealing and withholding property stolen by Wood from Flournoy.

McCormick Barstow responded by filing an anti-SLAPP motion under section 425.16 to strike the above causes of action from Switzer's cross-complaint. McCormick Barstow argued that the factual allegations supporting these causes of action all pertained to protected activities associated with the defense of their clients in Switzer's original action. McCormick Barstow further asserted that Switzer could not prevail on the merits of these causes of action because a derivative action for malpractice is improper as against a corporation's outside counsel and the claims were barred by the litigation privilege under Civil Code section 47, subdivision (b).

Although the trial court initially granted McCormick Barstow's motion, it reconsidered its ruling and denied the motion. The trial court concluded that McCormick Barstow failed to meet the threshold burden because a client's action against an attorney for a breach of duty is not subject to protection under section 425.16.

## DISCUSSION

### 1. *The anti-SLAPP statute.*

Section 425.16 was enacted in 1992 to provide a procedure for expeditiously resolving "nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 235.) It is California's

4.

response to meritless lawsuits brought to harass those who have exercised these rights. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 644, disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 (*Equilon Enterprises*).) This type of suit, referred to under the acronym SLAPP, or strategic lawsuits against public participation, is generally brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 927.)

When served with a SLAPP, the defendant may immediately move to strike the complaint under section 425.16. To determine whether this motion should be granted, the trial court must engage in a two-step process. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76 (*City of Cotati*).)

The court first decides whether the defendant has made a threshold showing that the challenged cause of action is one "'arising from'" protected activity. (*City of Cotati, supra,* 29 Cal.4th at p. 76.) The moving defendant must demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue …." (§ 425.16, subd. (b)(1); *Equilon Enterprises, supra,* 29 Cal.4th at p. 67.) If the court concludes that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).)

The questions of whether the action is a SLAPP suit and whether the plaintiff has shown a probability of prevailing are reviewed independently on appeal. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.) Further, the anti-SLAPP statute is to be broadly construed. (§ 425.16, subd. (a).)

**2.**    *The causes of action at issue do not arise from protected activity.*

The statutory phrase "cause of action … arising from" (§ 425.16, subd. (b)(1)) simply means that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. (*City of Cotati, supra,* 29 Cal.4th at p. 78.) The mere fact that an action was filed after protected activity took place or may arguably have been "triggered" by that activity does not mean that the action arose from that activity. (*Navellier, supra,* 29 Cal.4th at p. 89.) "In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Ibid.*) The court must disregard the labeling of the claim "and instead 'examine the *principal thrust* or *gravamen* of a plaintiff's cause of action to determine whether the anti-SLAPP statute applies.'" (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272 (*Hylton*).) If the allegedly wrongful and injury-producing conduct upon which the cause of action is premised does not rest on protected speech or petitioning activity, collateral or incidental allusions to protected activity will not trigger anti-SLAPP protection. (*Ibid.*)

Section 425.16, subdivision (e), clarifies what speech constitutes an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" Such speech includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

6.

McCormick Barstow asserts that Switzer's derivative action against it is based on nothing more than communications and conduct made on behalf of Flournoy and Wood in connection with an issue under consideration or review by the superior court, a judicial body. McCormick Barstow notes that an attorney who has been made a defendant in a lawsuit based upon a written or oral statement he or she made on behalf of clients in a judicial proceeding may have standing to bring an anti-SLAPP motion. (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 629 (*Jespersen*).) Therefore, McCormick Barstow argues, the anti-SLAPP statute applies here.

However, McCormick Barstow's burden to show a "cause of action … arising from" is not met simply by showing petitioning activity was part of the evidentiary landscape within which the claims arose. (*Hylton, supra,* 177 Cal.App.4th at p. 1272.) While section 425.16 protects litigation-related speech and petitioning activity undertaken on another's behalf, McCormick Barstow must demonstrate that the substance of the derivative causes of action was an act in furtherance of the right of petition. (*Jespersen, supra,* 114 Cal.App.4th at p. 630; *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 576.)

Switzer alleged that McCormick Barstow breached its fiduciary duty to Flournoy when it concurrently represented Flournoy and Wood despite the conflict between those two parties. Courts have consistently held "that actions based on an attorney's breach of professional and ethical duties owed to a client are not SLAPP suits, even though protected litigation activity features prominently in the factual background." (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 491 (*Castleman*).)

For example, in *Benasra v. Mitchell Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179, a former client's claim that the attorney defendant breached the duty of loyalty when the attorney agreed to represent a subsequent client whose interests were adverse to plaintiff was found to not be a SLAPP. The court concluded "[t]he breach

7.

occurs not when the attorney steps into court to represent the new client, but when he or she abandons the old client." (*Id*. at p. 1189.)

Similarly, in *Freeman v. Schack* (2007) 154 Cal.App.4th 719, the court refused to apply the anti-SLAPP statute to claims filed by two clients against their former attorney based on the attorney abandoning those clients to represent parties with adverse interests in the plaintiffs' pending lawsuit. The court concluded the attorney's undertaking to represent a party with interests adverse to the plaintiffs was the activity that gave rise to the asserted liability. Therefore, although the attorney's litigation activity constituted acts in furtherance of the right of petition, those allegations were only incidental to the gravamen of the plaintiffs' underlying cause of action. (*Id*. at p. 732.)

Other situations where it has been held the anti-SLAPP statute does not apply include claims based on: inducing the client to agree to an excessive attorney fee (*Hylton, supra,* 177 Cal.App.4th at p. 1274); legal malpractice (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1540; *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 702); and simultaneous representation of clients with conflicting interests (*PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1228).

McCormick Barstow attempts to distinguish the above cases on the ground that Switzer was not McCormick Barstow's client and thus this matter does not involve a client or former client's own suit. However, Switzer alleged the breach of fiduciary duty claims derivatively on behalf of Flournoy. Through these claims, Switzer seeks recovery for the benefit of Flournoy. As the member of this limited liability company who brought the causes of action, Switzer is merely a nominal party plaintiff. Flournoy is the ultimate beneficiary of these derivative claims and the real party plaintiff. (*Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1003; *PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 963-964.)

The gravamen of the causes of action against McCormick Barstow and the individual attorneys is the breach of their fiduciary duty to Flournoy arising out of the simultaneous representation of Flournoy and Wood, clients with allegedly conflicting interests.  An attorney's breach of fiduciary duties owed to a client does not constitute protected speech or petitioning within the meaning of section 425.16.  (*Castleman, supra,* 216 Cal.App.4th at p. 495.)  The litigation activity referenced in the subject causes of action is merely evidence of the alleged breach of professional and ethical duties owed to Flournoy.  "'Where the defendant's protected activity will only be used as evidence in the plaintiff's case, and none of the claims are based on it, the protected activity is only incidental to the claims,' and will therefore not support an anti-SLAPP motion." (*People ex rel. Fire Ins. Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 823.)  Accordingly, McCormick Barstow and the individual attorneys did not satisfy their threshold burden of demonstrating that the gravamen of the causes of action at issue was activity protected by the anti-SLAPP statute.

Since McCormick Barstow did not make the requisite threshold showing, Switzer was not required to establish a probability of prevailing on the merits of his claims and we need not reach that issue.

## DISPOSITION

The order denying the motion to strike is affirmed.  Costs on appeal are awarded to respondent.

                                _____

                                                    LEVY, Acting P.J.

WE CONCUR:


_____

GOMES, J.


_____

DETJEN, J.