Filed 8/27/24  Delicious Foods v. Wildwood Packing and Cooling CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DELICIOUS FOODS, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>WILDWOOD PACKING AND COOLING, INC., et al.,<br><br>Defendants and Respondents. | F084739<br><br>(Super. Ct. No. 15CECG03406)<br><br><br>**OPINION** |
| WILDWOOD PACKING AND COOLING, INC.,<br><br>Cross-complainant and Respondent,<br><br>v.<br><br>SUNSWEET FRESH STONE FRUIT, LLC,<br><br>Cross-defendant. | (Super. Ct. No. 18CECG03169) |

APPEAL from a judgment of the Superior Court of Fresno County.  Rosemary T. McGuire, Judge.

Gilmore Magness Janisse and David M. Gilmore for Plaintiff and Appellant.

Migliazzo Law, John L. Migliazzo and Dusty Nunes for Defendant, Cross-complainant and Respondent, Wildwood Packing and Cooling, Inc., and Defendant and Respondent, Luke Woods.

Baker Burton & Lundy, Brad N. Baker, Albro L. Lundy and Evan R. Koch for Defendants and Respondents, Giumarra Bros. Fruit Co., Inc., and Giumarra Companies.

No appearance for Cross-defendant.

-ooOoo-

This case involves a dispute between two members of Sunsweet Fresh Stone Fruit, LLC ("Sunsweet"), a company formed to market and sell fruit. The two embattled members are plaintiff and appellant Delicious Foods, LLC and defendant and respondent Wildwood Packing and Cooling, Inc. According to Delicious Foods, the conflict arose when Wildwood notified Sunsweet's members of its intent to terminate Sunsweet's operating agreement in 60 days. Delicious Foods contends that the operating agreement allowed Wildwood to terminate the operating agreement upon notice in three years, not 60 days. Delicious Foods also asserts that after giving its notice, Wildwood engaged in a host of wrongful conduct, including entering into a marketing agreement with one of Sunsweet's competitors, defendants and respondents Giumarra Bros. Fruit Co., Inc.. and Giumarra Companies (collectively, "Giumarra"). Wildwood also allegedly lured Sunsweet's customers, growers, and employees toward Giumarra.

A third amended complaint alleged six causes of action against Wildwood, Giumarra, and one of Sunsweet's managers and its CEO, Luke Woods, though not all claims are directed at each defendant. The first three causes of action were alleged by Sunsweet and the latter three were alleged by Delicious Foods. But in the second amended complaint, the first three claims were brought by Delicious Foods derivatively on Sunsweet's behalf. The trial court struck Sunsweet's three claims on motion as Sunsweet had never been a plaintiff in the action and Delicious Foods had never requested nor was granted leave to amend its complaint to add Sunsweet as a plaintiff.

2.

Wildwood, Woods, and Giumarra later moved for judgment on the pleadings as to the three remaining claims asserted by Delicious Foods directly, which the trial court granted. As to two of those claims, the court ruled the claims were derivative and thus Delicious Foods lacked standing to bring them. As to the third, the court found Delicious Foods had not sufficiently pleaded an element of the cause of action. A judgment was entered in favor of Wildwood, Woods, and Giumarra.

While Delicious Foods' complaint was being litigated, Wildwood filed suit against Sunsweet for unpaid packing charges. Sunsweet answered the complaint and cross-complained against Wildwood. On Wildwood's motion, the court struck Sunsweet's answer and cross-complaint due to Sunsweet's suspended corporate status. Wildwood ultimately obtained a default judgment against Sunsweet.

Delicious Foods appeals from both of the judgments. We affirm both judgments.

## FACTS AND PROCEDURAL HISTORY

### I. Background Facts

The following background facts are derived from the third amended complaint ("TAC"), which is challenging to read. Additionally, many of Delicious Foods' factual assertions in its opening brief lack citations to the record, which impedes our review. (See *Air Couriers Internat. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928 [we have no duty to search through record unassisted for evidence]; see Cal. Rules of Court, rule 8.204(a)(1)(C) [each factual assertion in an appellate brief must be supported by a citation to the record].) Despite these issues, we have endeavored to interpret the TAC as accurately as possible.

#### A. *Sunsweet and the Operating Agreement*

Sunsweet was formed in January 2010 by three members—Delicious Foods, Wildwood, and Michael Bujulian—to collectively market and sell stone fruit under the "Sunsweet" or "Sunsweet Fresh" name. The members signed an operating agreement that month. Shortly after, the members expanded Sunsweet's operations to include citrus.

3.

The members executed a first amended and restated operating agreement ("the agreement") in January 2011 reflecting this change. The first two pages of the original agreement and the entire amended agreement are attached to the complaint as exhibits.

The agreement reflected changes to the members' required capital contributions and their ownership interests. Wildwood and Bujulian were required to contribute stated sums of cash and all of their fruit production and sales business to Sunsweet. Delicious Foods was required to contribute cash and all of its fruit sales business and "the right to use the Sunsweet Brand for California stone fruit and citrus products."[1] The members agreed "to use their best efforts to generate sales of high-flavor California stone fruit and citrus products for the benefit of the Company." Delicious Foods received a 56 percent membership interest, Wildwood 40.5 percent, and Bujulian 3.5 percent.

Sunsweet is a manager-managed limited liability company that is managed through a management committee consisting of five managers. Delicious Foods had the authority to appoint three managers and Wildwood and Bujulian could each appoint one. Luke Woods was appointed as a manager—and still is a manager—and at some point became Sunsweet's CEO. The TAC implies Woods is involved somehow in Wildwood. The TAC does not say who Sunsweet's other managers are.

Section 1.5 of the agreement is entitled "Term" and reads:

> "The initial term of this First Amended and Restated Operating Agreement shall be for three (3) years, with one year being added to the remaining Term on each anniversary date of this Agreement unless written notice that such one year extension shall not apply is given prior to such anniversary date by any member holding not less than 33% of the Membership Interests in the Company."

---

[1] The TAC avers, "Delicious Foods has the license to use the 'Sunsweet' and 'Sunsweet Fresh' trademarks in connection with the marketing and sale of fresh stone fruit and citrus, and the right, in certain circumstances to permit others to use such trademarks in connection with such business." The TAC does not say who owns the trademarks.

Delicious Foods interprets this section as providing for "a three year period of time to wind down and terminate the business of Sunsweet Fresh." So when notice is given under section 1.5 to not extend the agreement, it begins a three-year wind down period at the end of which both the agreement and the company terminate. The TAC alleges this "wind down period was designed with the intention to provide the members sufficient time to deal with the termination of Sunsweet Fresh and, most importantly, to provide time to make and carry out plans to return respective businesses contributed by the members, including Delicious Foods, back into the hands of the contributor without damaging those interests through an abrupt and unplanned termination."

Article X of the agreement is entitled "DISSOLUTION, LIQUIDATION, AND TERMINATION OF THE COMPANY." That article provided the exclusive means for dissolving, liquidating, and terminating the company, and provided that the parties "irrevocably waive any and all other rights they may have to cause a dissolution of the Company."

Section 10.2 of Article X is entitled "Exclusive Causes." It lists two events as "the only events that can cause the dissolution and liquidation of the Company." One of the events is a decree of judicial dissolution. The other is "[t]he written election by the Members holding fifty-one percent … of the Percentage Interests so to dissolve, liquidate, and terminate the Company, provided such Members make an affirmative statement and finding that one of the following with reference to California Corporations Code Section 17351(a) has occurred:" The occurrences are: (1) it is no longer practical to carry on the business in conformity with the Articles of Organization or the agreement; (2) dissolution is reasonably necessary to protect the rights or interests of the members electing dissolution; (3) the business has been abandoned; and (4) those controlling the company have committed or knowingly countenanced fraud, mismanagement, or abuse of authority.

Section 1.5 of the agreement is not referenced in section 10.2. And even though section 10.2 sets forth the exclusive grounds for terminating *the company*, the TAC still implies that section 1.5—which only addresses the term of *the agreement*—provides a ground for terminating both the agreement and the company.

### B.    *Wildwood's Letter to Sunsweet's Members and Later Actions*

In August 2015, Wildwood tendered a letter to Sunsweet's other members giving notice that it was terminating the agreement in 60 days. After submitting its letter, Wildwood "proceeded to engage in conduct … that deprived Delicious Foods its rights to have a three year period of time in during which it would have had the opportunity to make arrangements for the business that it contributed to Sunsweet Fresh to be returned to it, undamaged, upon the termination of Sunsweet Fresh." This conduct included Wildwood's "entering into a new sales and marketing agreement with [Giumarra] concerning all of the sales and marketing of Wildwood's stone fruit and citrus." Wildwood also persuaded Sunsweet employees to go to work for Giumarra; convinced growers under contract with Sunsweet to terminate their contracts and enter new agreements with Giumarra—including those growers Delicious Foods contributed to Sunsweet; took control of Sunsweet's business office and accessed its grower lists and marketing and sales contracts for information; and directly competed with Sunsweet "by taking steps to transfer the bulk of its fruit production and sales business away from Sunsweet." In sum, after sending its notice of intent to terminate the agreement, Wildwood "proceeded to act as if in fact there was a termination of the Operating Agreement."[2]

---

[2]    Even so, and as will be mentioned again, the TAC pleads that Sunsweet is still an ongoing entity and still governed by the agreement. And Delicious Foods' counsel stated during appellate oral argument that Sunsweet still has not been dissolved.

## II.     Delicious Foods Files Suit

Delicious Foods filed suit in November 2015 alleging three causes of action against Wildwood, Woods, and Giumarra.  The trial court sustained Wildwood's demurrer to the complaint with leave to amend on the ground that all the claims were derivative and that Delicious Foods had not properly pleaded that it had complied with the pre-suit demand requirement.[3]

Delicious Foods filed its first amended complaint in April 2016, alleging six causes of action.  The first three causes of action were asserted derivatively on behalf of Sunsweet and the other three were asserted directly.  Wildwood and Woods demurred with Giumarra joining.  The trial court sustained the demurrer with leave to amend.  As to the derivative claims, the court ruled that while Delicious Foods had alleged that it had presented the claims to Sunsweet's management, Delicious Foods had not sufficiently alleged that Sunsweet had refused to act on the claims.  As to the direct claims, the court held that "although there are allegations that [Delicious Foods] has suffered as a result of damages to Sunsweet, there are no allegations of any violation of any 'special duty independent of [Delicious Foods'] status as shareholder,' " and thus Delicious Foods had not sufficiently pled standing to bring the claims directly.

Delicious Foods filed its second amended complaint in August 2016, realleging the same six causes of action.  Wildwood and Woods, on the one hand, and Giumarra, on the other hand, separately demurred.  The trial court sustained each demurrer in its entirety with leave to amend for a final time.  As to the three derivative claims, the court ruled that Delicious Foods had not sufficiently alleged that Sunsweet's management had refused to act on the claims, nor had it sufficiently alleged that it would be futile to present the claims to the management and demand it act on them.  As to the direct claims,

---

[3]     A plaintiff bringing a derivative action on behalf of a limited liability company must plead with particularity its efforts to demand that the limited liability company pursue the action or its reasons for not doing so.  (Corp. Code, § 17709.02, subd. (a)(2).)

the court found that the gravamen of those causes of action was that Delicious Foods suffered harm incidental to its being a member of Sunsweet, and thus the claims were derivative.

## III.    Third Amended Complaint

Delicious Foods filed its TAC in January 2017.  This is the operative complaint for purposes of this appeal.  The TAC realleged the same causes of action.  The first three causes of action, which were alleged by Delicious Foods derivatively in the first and second amended complaints, were now being alleged by Sunsweet directly against the defendants.  Sunsweet was purportedly being represented by the same counsel as Delicious Foods.  The other three causes of action were still being alleged directly by Delicious Foods.  Thus, no claims were any longer being alleged derivatively.

The first cause of action was by Sunsweet against Wildwood for breach of the agreement.  It alleged that Wildwood, as a Sunsweet member,  was obligated under the operating agreement to not compete with the Sunsweet.  Wildwood breached this obligation by, among other things, entering into a business deal with Giumarra, causing Sunsweet employees to leave and work for Giumarra, and persuading growers under contract with Sunsweet to take their business to Giumarra.

The second cause of action was by Sunsweet against Woods and Giumarra for intentional interference with economic relations and prospective economic advantage.  It alleged that Woods, one of Sunsweet's managers and its CEO, engaged in negotiations with Giumarra to transfer to Giumarra all of Wildwood's fruit production and sales business and that of other growers and customers of Sunsweet.  Giumarra knew of Wildwood's contractual obligations to Sunsweet, including Wildwood's obligations under the agreement, but still entered into a sales and marketing agreement with Wildwood "with the intent to disrupt and usurp the contractual relationships between Sunsweet Fresh and its growers and customers."  (Emphasis omitted.)  This tortious conduct has

caused Sunsweet to lose "a large percentage, if not all, of the economic benefits … they were entitled to under the [agreement]" and under grower and customer contracts.

The third cause of action was by Sunsweet against Woods and Wildwood for breach of fiduciary duty. It alleged that Woods, as a manager, and Wildwood, as a member, owed fiduciary duties of care and loyalty to Sunsweet and breached these duties by entering into a competing business relationship with Giumarra and by allowing Giumarra access to Sunsweet's grower lists and customer contracts, financially harming Sunsweet.

The fourth cause of action was by Delicious Foods against Wildwood for breach of section 1.5 of the agreement. It alleged that Wildwood breached the operating agreement by (1) notifying Sunsweet's other members that it was terminating the agreement in 60 days instead of three years as required by section 1.5 of the agreement, and by (2) proceeding to act as if the agreement had been terminated. But the TAC did not allege that Sunsweet was terminated; indeed, it expressly alleged Sunsweet is ongoing and is still governed by the operating agreement. It also expressly alleged Wildwood is still a Sunsweet member. Delicious Foods was directly harmed by the alleged breach in that it lost the benefit of having a three-year wind-down period—the opportunity to speak with the growers and customers Delicious Foods had contributed to Sunsweet and try to persuade them to stay with Delicious Foods after Sunsweet terminated. Delicious Foods also alleged harm to its goodwill, including damage to its reputation in the marketplace, as well as diminution of the value of the license it holds to the "Sunsweet" and "Sunsweet Fresh" trademarks.

The fifth cause of action was by Delicious Foods against Woods and Giumarra for intentional interference with economic relations and prospective economic advantage. Much like in the second cause of action, it is alleged that Woods and Giumarra, both knowing about Wildwood's business relationship with Delicious Foods and Sunsweet, worked together to cause Wildwood to breach section 1.5 of the operating agreement by

giving notice to Sunsweet's members that it was terminating the agreement in 60 days and proceeding to act as if the agreement had been terminated. That is, Woods and Giumarra caused Wildwood to commit the breach alleged in the fourth cause of action.

The sixth cause of action was by Delicious Foods against Woods and Wildwood for breach of fiduciary duty. It alleged Woods, as a Sunsweet manager, owed a duty of loyalty to Sunsweet's members under Corporations Code section 17704.09, subdivisions (b) and (f)(1).[4] It also alleged Wildwood, as a member, owed duties of care and loyalty to the other members.[5] Woods and Wildwood breached their duties of loyalty to the members by directly competing with Sunsweet, accessing Sunsweet's grower lists and customer contracts, and communicating with Sunsweet customers that Delicious Foods contributed to the company. These breaches have damaged Delicious Foods' goodwill, resulting in financial loss.

## IV. Wildwood Moves to Strike Sunsweet's Claims Asserted in Third Amended Complaint

In May 2017, Wildwood moved under Code of Civil Procedure sections 435 and 436 to strike the first three causes of action asserted in the TAC, which were Sunsweet's three claims. Wildwood's chief ground for striking the claims was that Delicious Foods had not even moved for, much less been granted, leave to add Sunsweet as a plaintiff to the action. Giumarra joined the motion and Delicious Foods opposed. The trial court granted the motion on the ground that Delicious Foods had not moved to amend its complaint to add Sunsweet as a plaintiff, but added the motion was granted "without prejudice" to allow Delicious Foods to do so. Delicious Foods never moved to amend.

---

[4] Corporations Code section 17704.09 enumerates the fiduciary duties of limited liability company managers and members. It states the duties owed by members in a member-managed limited liability company and the duties owed by members and managers in a manager-managed limited liability company.

[5] The TAC does not allege the basis for Wildwood's fiduciary duties.

10.

**V.      Wildwood Moves for Judgment on the Pleadings as to the Third Amended Complaint**

After the trial court struck the first three causes of action of the TAC and Delicious Foods did not move to amend those claims, only the fourth through sixth causes of action remained.  In May 2022, Wildwood filed a nonstatutory motion for judgment on the pleadings as to the rest of the TAC, which Giumarra joined.  The sole ground stated in Wildwood's motion was that Delicious Foods had not alleged direct injury; instead, the alleged injury was incidental to harm to Sunsweet and thus the claims were derivative.  Delicious Foods opposed the motion.

The court orally granted the motion after a hearing on May 17, 2022, as to the three remaining causes of action.  As to the fourth cause of action for breach of the agreement, the court focused on the TAC's allegations of the damages caused by the alleged breach.  These alleged damages included that Wildwood contacted growers under contract with Sunsweet to try to get them to enter into news sales and marketing agreements with Giumarra, resulting in immediate loss of grower fruit production and sales for Sunsweet.  The court also noted the allegations that Wildwood directly competed with Sunsweet and accessed Sunsweet's grower lists to solicit the growers to terminate their contracts with Sunsweet.

The court then stated the distinction between direct and derivative claims:

"A cause of action is individual and not derivative only where it appears that the injury resulted from the violation of some special duty owed to the stockholder by the wrongdoer and having its origin and circumstances independent of the plaintiff's status as a shareholder…."

" 'If the injury is not incidental to an injury to the corporation, an individual cause of action exists.  An action is deemed derivative if the gravamen of the complaint is injury to the corporation or to the whole body of its stock and property wiped out any severance or dissolution among individual holders or it seeks to recover assets for the corporation or prevent the dissipation of assets.  A personal claim, in contrast, asserts a right against the corporation which the shareholder possesses as an individual apart from the corporate entity.  If the injury is not incidental to an injury to the corporation, an individual cause of action exists.' "

11.

The court then ruled that the breach of contract claim was "based on the operation of alleged duty owed to Sunsweet Fresh and is at least incidental to the loss suffered by the corporation," and thus "no private right of action accrues as it does not involve rights plaintiff possessed apart from the corporate entity."

As to the fifth cause of action for "intentional interference with economic relations and prospective advantage," the court stated that to maintain such a claim, "the interfering conduct … must be wrongful by some legal measure other than the fact of the interference itself."[6] The court added, "[Conduct] is independently wrongful if it's prescribed by some constitutional, statutory, regulatory common law or other determinable legal standard." The court held that the TAC contained no "specific allegations" that any alleged act was prescribed by any law or legal standard.

As to the sixth cause of action for breach of fiduciary duty, the court held that the gravamen of the complaint was injury to the company and thus any harm to Delicious Foods is incidental.

After granting the motion for judgment on the pleadings at the hearing on the motion, the trial court took Delicious Foods' request for leave to file a fourth amended complaint under advisement. At another hearing days later, the court confirmed judgment on the pleadings without leave to amend.

## VI. Wildwood's Complaint Against Sunsweet and Sunsweet's Cross-complaint Against Wildwood

In August 2018, Wildwood filed a complaint against Sunsweet alleging causes of action for common counts and breach of contract. The complaint sought monetary damages for fruit packing charges totaling just over $400,000. In September 2018,

---

[6] The torts of interference with contract and of intentional interference with prospective economic advantage are separate, and the TAC was unclear on whether Delicious Foods was alleging one or both. (40 Cal.Jur.3d (2024) Interference with Economic Advantage, § 10.) At the hearing on the motion, Delicious Foods' counsel stated the fifth cause of action asserted both torts, but admitted the distinct torts were "not as artfully pled in hindsight" as they should have been.

Sunsweet, through the same counsel representing Delicious Foods, answered and cross-complained against Wildwood and Woods. The trial court consolidated this case with the case commenced in 2015 by Delicious Foods.

In December 2018, Wildwood moved to strike Sunsweet's answer and cross-complaint because Sunsweet was suspended by the Secretary of State for failure to file a statement of information. Sunsweet opposed the motion, representing that it had taken the steps to revive itself. Shortly after, Wildwood withdrew its motion to strike because Sunsweet had been revived. Wildwood and Woods answered Sunsweet's cross-complaint.

In May 2022, Wildwood again moved to strike Sunsweet's pleadings because Sunsweet again became suspended, this time by the Franchise Tax Board for failing to pay its taxes. Delicious Foods opposed the motion on Sunsweet's behalf.

In May 2022, the trial court orally granted Wildwood's motion to strike Sunsweet's answer and cross-complaint. The court explained:

> "Wildwood filed its complaint on August 27, 2018. An answer was filed. However, Sunsweet is currently suspended, and my understanding is it has been suspended for the majority of the time that this matter has been in litigation. A suspended corporation cannot defend an action. It is still suspended. No effort was made to rectify the suspension of that corporation for purposes of appearing at trial. So at this point, the Court is going to grant the motion to strike the answer."

After the hearing, the court signed an order tracking its oral pronouncement. The order granted the motion to strike both Sunsweet's answer and cross-complaint. It also directed the clerk to enter Sunsweet's default on Wildwood's complaint and directed Wildwood to submit its request for default judgment. A default judgment was ultimately entered in Wildwood's favor.

## VII. Notices of Appeal

Delicious Foods appeals from (1) the judgment entered on the pleadings in its action and (2) the default judgment entered against Sunsweet in Wildwood's action.

13.

Despite the latter judgment being entered against Sunsweet, Sunsweet is not a party to this appeal; Delicious Foods is the only appellant and seeks to assert appellate claims on Sunsweet's behalf.

## DISCUSSION

We will first address the issues raised relating to the judgment entered in Delicious Foods' action and then the issues raised relating to the default judgment entered in Wildwood's action.

## I.      Claims Stemming from the Judgment Entered in Delicious Foods' Action

### A.      *Motion for Judgment on the Pleadings*

Delicious Foods contends the trial court erred in granting Wildwood's nonstatutory motion for judgment on the pleadings as to the fourth through sixth causes of action, each of which was asserted on a direct basis against the defendants.[7]  We affirm.

#### 1.      Basic Appellate Law Principles

There are fundamental rules of appellate procedure that play an important role in the outcome of this appeal.  The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)  " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Also, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.)  Matters not properly raised or that lack adequate legal

---

[7]     Delicious Foods does not challenge whether a nonstatutory motion for judgment on the pleadings remains viable.  (See *Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 756–759 [noting continued viability of nonstatutory motions for judgment on the pleadings after Code Civ. Proc., § 438's enactment is "unclear" but declining to decide the question].)

14.

discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.) In short, an appellant must demonstrate error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

### 2. Standard of Review

" 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. (Code Civ. Proc., § 438, subd. (c)(3)(B)(ii).) A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.) 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law ….' (*Ibid.*)" (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) "We also consider matters shown in exhibits attached to the complaint and incorporated by reference." *Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 665.) We review the complaint to determine whether it "alleges facts sufficient to state a cause of action under any legal theory." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) We affirm the judgment on the pleadings if it is supported by any proper ground, "even if the trial court relied on an improper ground" and regardless of whether "the defendants asserted the proper ground in the trial court." (See *id.* at p. 880, fn. 10.)

### 3. Fourth Cause of Action – Breach of Contract

Delicious Foods' fourth cause of action for breach of the agreement was asserted against Wildwood. The TAC alleged Wildwood breached section 1.5 of the agreement by (1) giving notice to the members that it was terminating the agreement in 60 days instead of three years, and then (2) directly competing with Sunsweet by entering into a sales and marketing agreement with Giumarra; luring Sunsweet's customers, growers, and employees toward Giumarra; and taking over Sunsweet's business office. The TAC

alleged these actions harmed Delicious Foods directly because Delicious Foods was deprived of the three-year wind down period provided in section 1.5 and suffered harm to its goodwill. The trial court disagreed, granting judgment on the pleadings as to this cause of action on the ground that any harm Delicious Foods suffered was incidental to harm to Sunsweet and thus the claim was derivative.

On appeal, Delicious Foods asserts Wildwood breached the agreement by "unilaterally terminat[ing]" the agreement. But this directly contradicts the TAC, which expressly alleged Sunsweet is an ongoing entity and still governed by the agreement. However, Delicious Foods still maintains on appeal that it has alleged direct harm and thus the court erred in granting judgment on the pleadings as to this cause of action.

We affirm the court's ruling as to this cause of action but on a different ground than the nature of any alleged harm. As we will explain, the TAC's allegations are insufficient to establish that Wildwood breached section 1.5 of the agreement. We therefore need not address the nature of any alleged harm.

To establish a breach of contract, the plaintiff must show (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) To prove breach, the plaintiff is required to prove the defendant failed to do something the contract required the defendant to do, or the defendant did something the contract prohibited the defendant from doing. (See *Gabriel v. Wells Fargo Bank, N.A.* (2010) 188 Cal.App.4th 547, 553, fn. 3.)

Without deciding its reasonableness, we will apply the interpretation of section 1.5 of the agreement Delicious Foods asserted in the TAC. The TAC alleged that when a member with at least a 33 percent membership interest—and Wildwood holds a 40.5 percent interest—gives notice under section 1.5 that it intends to terminate the agreement, a three-year wind down period begins, at the end of which both the agreement and the company terminate. Under that interpretation, section 1.5 is breached only if the

16.

agreement is actually terminated before the wind down period ends.  And as already mentioned, the TAC expressly alleged Sunsweet is ongoing and still governed by the agreement.  The TAC's allegations thus had not pleaded that section 1.5 was breached.  The trial court's order as to this cause of action is affirmed on this basis.

### 4. Fifth Cause of Action – Intentional Interference with Economic Relations and Prospective Advantage

Delicious Foods' fifth cause of action for intentional interference with economic relations and prospective advantage was alleged as a direct claim against Giumarra and Wildwood.  The court granted judgment on the pleadings as to this cause of action on the ground that Delicious Foods had not alleged "wrongful conduct" as required to maintain such a claim.  But Delicious Foods does not address this ground at all in its briefing.  It instead argues that this tortious conduct harmed Delicious Foods directly.

To prevail on appeal from an order granting a motion for judgment on the pleadings, the appellant must " 'overcome all legal grounds on which the trial court sustained the demurrer.' "  (*Save Lafayette Trees v. East Bay Regional Park Dist.* (2021) 66 Cal.App.5th 21, 35.)  Delicious Foods' failure to address the ground the trial court relied on in granting the motion as to this cause of action means that the presumption of correctness has not been rebutted.  The trial court's order as to this cause of action is thus affirmed.

### 5. Sixth Cause of Action – Breach of Fiduciary Duty

Delicious Foods' claim for breach of fiduciary duty was asserted against Wildwood and Woods.  Delicious Foods contends the trial court erred in granting judgment on the pleadings as to this cause of action on the ground that the claim is derivative and not direct.  We disagree.

" 'The elements of a cause of action for breach of fiduciary duty are:  (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach.' "  (*IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630, 646.)

Derivative claims arise from the fundamental principle that "a corporation is a legal entity that is distinct from its shareholders." (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108.) "Because a corporation exists as a separate legal entity, the shareholders have no direct cause of action or right to recovery against those who have harmed it. The shareholders may, however, bring a derivative suit to enforce the corporation's rights and redress its injuries when the board of directors fails or refuses to do so." (*Ibid.*) Put differently, "a derivative suit is one in which the shareholder seeks 'redress of the wrong to the corporation.'" (*Bader v. Anderson* (2009) 179 Cal.App.4th 775, 793.) "A personal claim, in contrast, asserts a right against the corporation which the shareholder possesses as an individual apart from the corporate entity: 'If the injury is not incidental to an injury to the corporation, an individual cause of action exists.'" (*Denevi v. LGCC, LLC* (2004) 121 Cal.App.4th 1211, 1222.) "[T]he principles of derivative lawsuits applicable to corporations likewise apply to [] limited liability compan[ies]." (*PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 963.)

" 'In determining whether an individual action as opposed to a derivative action lies, a court looks at "the gravamen of the wrong alleged in the pleadings." ' " (*Holistic Supplements, LLC v. Stark* (2021) 61 Cal.App.5th 530, 542.) "An action is deemed derivative ' "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, or it seeks to recover assets for the corporation or to prevent the dissipation of its assets." ' " (*Grosset v. Wenaas*, *supra*, 42 Cal.4th at p. 1108.) Conversely, a direct action seeks " ' "to enforce a right against the corporation which the stockholder possesses as an individual." ' [Citations.] For example, ' "[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action." ' " (*Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 150.)

Delicious Foods' opening brief contains only a few sentences about the sixth cause of action, which appear to have been made cursorily. Delicious Foods states that Wildwood and Woods breached their fiduciary duties owed to it under Corporations Code section 17704.09. Citing that section, but without specifying any of its subdivisions, Delicious Foods asserts that "a member owes duties to the other members and the entity of loyalty and care including the duty to 'refrain from competing with the limited liability company.'" Delicious Foods does not explain how these fiduciary duties were violated, but it asserts: "Woods and Wildwood decided to breach their fiduciary duties as a member *and cause Sunsweet Fresh to lose business immediately and permanently over a very short period of time*." (Italics added.) The italicized language describes harm to Sunsweet only. Nowhere in its opening brief does Delicious Foods explain how the breach of any fiduciary duty caused direct harm to Delicious Foods. Thus, although Delicious Foods has asserted—even if in conclusory fashion—that Wildwood and Woods owed it fiduciary duties, it has not explained how it suffered any direct harm from the breach of any duties. It therefore has not shown that the trial court erred in granting judgment on the pleadings as to this cause of action.

### 6. Leave to Amend

Delicious Foods does not challenge the trial court's decision to deny leave to amend and we therefore will not disturb it.

### B. *Motion to Strike Sunsweet's Claims Asserted in Third Amended Complaint*

The trial court granted Wildwood's motion to strike Sunsweet's three causes of action asserted in the TAC on the ground that the court had not granted Delicious Foods leave to amend the complaint to add Sunsweet as a plaintiff.

On appeal, Delicious Foods argues the court erred in striking Sunsweet's causes of action. Delicious Foods asserts Sunsweet's three causes of action were derivative claims that Delicious Foods should have been allowed to bring on Sunsweet's behalf despite

19.

Sunsweet's suspended status. This argument is off point for the main reason that it is irrelevant to the ground the trial court relied on to strike the claims.

We first note that Delicious Foods incorrectly characterizes the stricken claims as derivative. Derivative claims are brought on behalf of an entity; an entity does not bring derivative claims on behalf of itself. (*Leyte-Vidal v. Semel* (2013) 220 Cal.App.4th 1001, 1008.) From the original complaint through the second amended complaint, the claims were asserted derivatively by Delicious Foods on Sunsweet's behalf. But in the TAC, the claims were asserted by Sunsweet as plaintiff. Thus, Sunsweet went from a nominal defendant to plaintiff in the lawsuit. The trial court explained that this could not be done without being granted leave to do so, and Delicious Foods does not challenge this ruling.

Delicious Foods instead argues, without citing any authority, that a derivative claim can be brought on behalf of a suspended entity. But again, this was not the issue because the stricken claims were direct, not derivative. Since Delicious Foods has not even tried to explain how the court erred in striking the first three causes of action on the ground that Sunsweet was not properly added as a plaintiff, we must affirm the court's order. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 [it is appellant's burden to show error and we will not act as appellate counsel for appellant by furnishing legal argument for them].)

## II. Claims Stemming from Default Judgment Entered in Wildwood's Action

Although Delicious Foods mentions in its briefing that the trial court struck Sunsweet's answer to Wildwood's complaint and Sunsweet's cross-complaint, it does not allege that this was error. (*People v. Sanghera*, *supra*, 139 Cal.App.4th at p. 1573.) Since Delicious Foods has not even tried showing reversible error in this ruling, we cannot disturb it. (*Century Surety Co. v. Polisso*, *supra*, 139 Cal.App.4th at p. 963.)

## III. Motion to Dismiss Appeal

After Delicious Foods filed its opening brief, Wildwood moved to dismiss the appeal as to the issues Delicious Foods raises on Sunsweet's behalf. This includes the

20.

challenges to the trial court's order striking Sunsweet's claims alleged in the TAC and the order striking Sunsweet's answer to Wildwood's complaint and Sunsweet's cross-complaint against Wildwood.  The chief grounds for the motion are that Sunsweet is a suspended entity and lacks capacity to prosecute an appeal and that Delicious Foods lacks standing to appeal on Sunsweet's behalf.  The motion is supported by a request for judicial notice.

We deny the motion and the request for judicial notice as moot since we have already disposed of all the issues raised in this appeal.

### **DISPOSITION**

The judgments are affirmed.  Respondents are awarded their costs on appeal.


                                                        DE SANTOS, J.

WE CONCUR:


LEVY, Acting P. J.


DETJEN, J.